UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLY RAMIREZ, and others,<br><br>Plaintiffs,<br><br>v.<br><br>S. MARTINELLI & COMPANY,<br><br>Defendant. | Case No. 25-cv-07569-NC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND; ORDER GRANTING REQUEST FOR JUDICIAL NOTICE**<br><br>Re: ECF 25, 26 |

Plaintiffs Joly Ramirez and Sorangie Sanchez allege eight causes of action on behalf of themselves and a putative class against Defendant S. Martinelli & Company arising from misrepresentations on the labels of several apple juice products. Defendant moves to dismiss Plaintiffs' complaint. For the reasons stated below, this Court GRANTS in part and DENIES in part Defendant's Motion to Dismiss with leave to amend.

## I.    BACKGROUND

### A.    Factual Background

Plaintiffs allege the following. Defendant sells various beverages containing apple juice. ECF 16 (First Amended Complaint, FAC) at 2. The apple juice products' front labels state either "Premium 100% Juice Not From Concentrate" or "100% Juice From U.S. Grown Fresh Apples." *Id.* at 2–4.



Defendant previously labeled its products with the additional phrase "no additives of any kind." FAC at 3. The labels no longer include this disclaimer, as the products now contain ascorbic acid, a preservative. *Id.* The products' front labels do not mention the addition of ascorbic acid, but it is listed in the ingredients on the products' back labels. *Id.* Defendant intentionally designed the products' labeling so they appear to contain only juice because consumers are willing to pay more for a product without additives. *Id.* at 4. Because of its deceptive labeling, Defendant can charge roughly fifty percent more than comparators. *Id.* at 5. Defendant's labeling violates the FDA and state law because Defendant is required to state "with added preservatives" on the front label of its products. *Id.* at 6.

Plaintiffs Ramirez and Sanchez are domiciled in California and New York respectively. FAC at 8–9. Both purchased Defendant's products on the belief, based on the front labels, that each was comprised solely of juice. *Id.* at 9–10. Neither would have bought the products knowing they contain ascorbic acid. *Id.* Plaintiffs would like to purchase the products in the future if the false labeling is corrected. *Id.* at 10.

**B.      Procedural Background**

On September 5, 2025, Plaintiffs filed the original complaint. ECF 1. Defendant filed a motion to dismiss the complaint and strike relief and class claims. ECF 14. Thereafter, Plaintiffs filed the FAC, mooting Defendant's motion. ECF 16. Defendant

2

moved to dismiss the FAC and strike relief and class claims.  ECF 25.  Plaintiffs opposed.  ECF 28.  Defendant replied.  ECF 30.

All parties have consented to magistrate judge jurisdiction.  ECF 8, 13.

## II.    LEGAL STANDARD

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  When reviewing a 12(b)(6) motion, a court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the non-moving party."  *Retail Prop. Trust v. United Bd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014).  A court, however, need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III.    DISCUSSION

Plaintiffs assert the following causes of action: violations of California's Unfair Competition Law (UCL), False Advertising Law (FAL), and Consumer Legal Remedies Act (CLRA); violations of New York General Business Law §§ 349, 350; unjust enrichment; fraud by omission/intentional misrepresentation; and breach of express warranty.  *See FAC generally.*  The Court will analyze the parties' arguments regarding each claim below.

### A.    Plaintiffs Have Standing for Products They Did Not Purchase

Defendant argues Plaintiffs lack standing for dissimilar products they did not

United States District Court
Northern District of California

actually purchase.[1]  ECF 25 at 17–18.  Plaintiffs contend the products are substantially similar to confer standing because all bear a "100% Juice" label which fails to disclose the addition of ascorbic acid.  ECF 28 at 11–12.

The Ninth Circuit does not have "controlling authority on whether Plaintiffs have standing for products they did not purchase." *Miller v. Ghirardelli Chocolate Co.*, 912 F. Supp. 2d 861, 868 (N.D. Cal. 2012).  "The majority of the courts that have carefully analyzed the question hold that a plaintiff may have standing to assert claims for unnamed class members based on products he or she did not purchase so long as the products and alleged misrepresentations are substantially similar." *Id.* at 869.  To determine whether products are substantially similar, "[c]ourts look to a series of factors including whether the challenged products are of the same kind, comprised of largely the same ingredients, and whether each of the challenged products bears the same alleged mislabeling." *Figy v. Frito-Lay N. Am., Inc.*, 67 F. Supp. 3d 1075, 1083 (N.D. Cal. 2014).  "Courts have previously found that diverse products bearing similar labels may be considered 'substantially similar.'" *Iglesias v. Arizona Beverages USA, LLC*, No. 22-cv-09108-JSW, 2023 WL 4053803, at *4 (N.D. Cal. June 16, 2023) (citation omitted).  "If the products are sufficiently similar, 'any concerns regarding material differences in the products can be addressed at the class certification stage.'" *Id.* (quoting *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012)).

Here, the unpurchased products are substantially similar—all are apple juice beverages with the "100% Juice" label which have caused the same alleged injury.[2]  *See*

---

[1] Defendant contends it is unclear which products Plaintiffs seek to include in their lawsuit. ECF 25 at 18 n.4; ECF 30 at 8–9.  However, Plaintiffs have clearly stated that the lawsuit includes all products whose front labels state either "Premium 100% Juice Not from Concentrate" or "100% Juice From U.S. Grown Fresh Apples" without disclosing the presence of ascorbic acid.  ECF 28 at 12.  Plaintiffs have specifically excluded products whose ingredients lists are visible on the front label.  *Id.*

[2] Defendant has requested the Court take judicial notice of exemplars of the beverages' front labeling at issue in this case.  ECF 26.  Because neither party contests the exemplars' authenticity and the product labels form the basis for Plaintiffs' allegations in the FAC, the Court takes judicial notice of these materials.  *Anderson*, 888 F. Supp. 2d at 1003.

United States District Court
Northern District of California

*Anderson*, 888 F. Supp. 2d at 1006 (denying dismissal where plaintiff challenged various flavors of smoothie kits with the same "All Natural" label and allegedly non-natural ingredients); *Iglesias*, 2023 WL 4053803, at *5 (finding plaintiff's challenge to beverages with similar label representations on each, including "All Natural," "100% Natural," and "100% All Natural" to be substantially similar). Accordingly, the Court denies the motion to dismiss for lack of standing for products Plaintiffs did not purchase and denies the motion to strike the related class allegations.

**B.    Plaintiffs Have Sufficiently Alleged Their Consumer Protection Claims**

Defendant argues that Plaintiffs' first (UCL), second (false advertising), third, (CLRA), fourth (GBL § 349), fifth (GBL § 350), and seventh (fraud by omission/intentional misrepresentation) claims under California and New York consumer protection laws fail because: (1) a reasonable consumer would not be deceived by Defendant's "100% Juice" labeling, and (2) Plaintiffs cannot predicate these claims on an alleged regulatory violation. ECF 25 at 22–25. Plaintiffs contend the labeling would confuse a reasonable consumer to think the product is made solely from apple juice. ECF 28 at 16, 23. Plaintiffs further argue their claims rest on regulatory violations combined with fraud or deception. *Id.*

**i.    A Reasonable Consumer Would be Deceived by Defendant's Labeling**

Claims under California and New York consumer protection laws are "governed by the 'reasonable consumer' standard, which requires a plaintiff to show that members of the public are likely to be deceived by the defendant's marketing claims." *Whiteside v. Kimberly Clark Corp.*, 108 F.4th 771, 777 (9th Cir. 2024) (citations omitted); *Shapiro v. Berkshire Life Ins. Co.*, 212 F.3d 121, 126 (2d Cir. 2000). "[A] complaint asserting a violation of these laws must allege that the packaging will deceive many consumers, not just that a few might be deceived." *Id.* "[I]f a product's front label is plausibly misleading to reasonable customers, then the court does not consider the back label at the pleadings stage." *Id.* at 778. A court will consider a product's back label at the pleading stage "if the

United States District Court
Northern District of California

front label is ambiguous." *Id.* "[A] front label is ambiguous if 'reasonable consumers would necessarily require more information before they could reasonably conclude' that the front label was making a specific representation." *Id.* at 780 (quoting *McGinity v. Procter & Gamble Co.*, 69 F.4th 1093, 1097 (9th Cir. 2023)).

Here, labels stating "Premium 100% Juice Not From Concentrate" and "100% Juice from U.S. Grown Fresh Apples" are likely to deceive a reasonable consumer into believing that the products contain only apple juice, without other ingredients. That is, reasonable consumers could see the front label as making an unambiguous representation which would not require further information. Just because the labels are subject to two reasonable interpretations—that the product is 100% juice, or that the juice is 100% from fresh apples/not from concentrate—does not make it ambiguous. *See Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1177 (2018) (finding "One A Day" branded vitamins, which actually required the consumer to take two vitamins daily, unambiguous because a reasonable consumer might logically conclude that they needed to take one vitamin daily"); ECF 30 at 12 (Defendant agrees that the phrase is subject to reasonable interpretation, noting that "[i]t is just as plausible to assume [the 100% juice label] applies to the source of the apples"). Because Plaintiffs have successfully alleged that the front labels would be "unambiguously deceptive to an ordinary consumer, such that the consumer would feel no need to look at the back label," the Court need not evaluate the back label. *Whiteside*, 108 F.4th at 780. As such, the Court concludes that the products' front labeling would be deceptive to a reasonable consumer.

Defendant's reliance on *Moore v. Trader Joe's Co.* is unavailing. 4 F.4th 874 (9th Cir. 2021); ECF 25 at 24. There, the challenged product was a jar of honey labeled as "100% New Zealand Manuka Honey." *Id.* at 878. The *Moore* court found that the product would not deceive a reasonable consumer because of the nature of the honey itself, including "(1) the impossibility of making a honey that is 100% derived from one floral source, (2) the low price of Trader Joe's Manuka Honey, and (3) the presence of the '10+' on the label [signifying the honey's rating], all of which is readily available to anyone

United States District Court
Northern District of California

browsing the aisles of Trader Joe's." *Id.* at 883.  As such, "a reasonable consumer could not be left with the conclusion that '100% New Zealand Manuka Honey' represents a claim that the product consists solely of honey derived from Manuka." *Id.* at 885.  Here, the products at issue are vastly different.  It is not "impossible" to imagine an apple juice product made of 100% juice not from concentrate, entirely from U.S. grown fresh apples, or without the addition of ascorbic acid or other ingredients.  Even for the products that are carbonated or "sparkling," it is similarly plausible that those drinks too only contain 100% juice as the juice itself could be carbonated without adding anything.

Defendant's other authority is similarly unconvincing.  ECF 25 at 21; *see, e.g.*, *Serrano v. Campbell Soup Co.*, 773 F.Supp.3d 127, 164 (D.N.J. 2025) (drink labeled "A Berry Flavored Juice Beverage with a 5% Juice Blend From Concentrate and Other Natural Flavors" would not mislead consumers because it "lacks any of the buzz words or phrases that courts typically have found could deceive reasonable consumers into believing the drink lacks artificial flavors, like "all natural," "100% natural," or "no artificial flavors"); *Michel v. LIDL, US, LLC*, No. 725974/2024, 2025 WL 2418956, at *1 (N.Y. Sup. Ct. Aug. 1, 2025) (dismissing claims where challenged product's label was "not alleged to be affirmatively inaccurate, or contradictory to the Nutrition Facts Panel," whereas here, Plaintiffs do allege the label to be affirmatively so).

### ii.    Plaintiffs Allege More Than a Regulatory Violation

Moreover, the Court is unpersuaded by Defendant's arguments that Plaintiffs' claims rest solely on a violation of federal law.[3]  ECF 25 at 25–26; ECF 30 at 14.  Indeed, Plaintiffs allege that "the labels at issue are misleading, that they relied on the Products' labels concerning the '100% Juice' claims . . . , that they did not see anything on the Products' labels suggesting or implying that there was a preservative in the Products, and

---

[3] In its reply, Defendant argues for the first time that Plaintiffs' claims are preempted by federal law.  ECF 30 at 14.  Since Defendant cannot raise an argument for the first time in a reply, the Court disregards it.  *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

that they paid a roughly 50 percent price premium due to the misleading claims." ECF 28 at 24 (citing FAC ¶¶ 9, 19–20). Plaintiffs have successfully alleged that Defendant's labels are misleading, and that they relied on said misrepresentations in purchasing the products at issue. ECF 28 at 24. Defendant relies on *Wilson v. Frito-Lay N. Am., Inc.*, however, that case is distinguishable because the plaintiffs failed to allege reliance or injury, only noting that after purchasing the product they later learned it was "legally worthless." 961 F. Supp. 2d 1134, 1145 (N.D. Cal. 2013). Here, Plaintiffs have shown "that they lost money . . . because of reliance on an allegedly unlawful practice." *Id.*

Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' consumer protection claims.

### C.    Plaintiffs Have Stated a Claim for Equitable Relief

Plaintiffs allege that legal remedies are "inadequate because they are not equally prompt and certain and in other ways efficient as equitable relief" due to "significant differences in proof." FAC ¶ 57. For example, Plaintiffs allege that they may lack a remedy, and equitable relief could be appropriate, if damages resulting from their purchases of the products are determined to be less than the premium price of the products. *Id.* ¶¶ 9 (alleging Defendant extracts "a massive price premium" based on misrepresentations), 58. Defendant argues Plaintiffs have failed to include allegations regarding how an award of damages would not be an adequate remedy.[4] ECF 25 at 30–32.

Plaintiffs' allegations are sufficient because they explain why monetary damages may be inadequate. *See Valiente v. Simpson Imports, Ltd.*, 717 F. Supp. 3d 888, 907 (N.D. Cal. 2024) (denying motion to dismiss equitable relief claim based on allegations that

---

[4] Defendant also argues Plaintiffs have failed to allege how much they purportedly overpaid for the products or the cost of competitor products in the same markets. ECF 25 at 29–31. This argument is not relevant to Plaintiffs' claim for equitable relief but instead would have pertained to whether Plaintiffs have a cognizable harm to confer standing. *See Schippell v. Johnson & Johnson Consumer Inc.*, No. EDCV23410JGBSHKX, 2023 WL 6178485, at *7 (C.D. Cal. Aug. 7, 2023) (Defendant argued that plaintiff failed to adequately plead an injury-in-fact where allegations regarding price premium theory were conclusory); *Cooper v. Anheuser-Busch, LLC*, 553 F. Supp. 3d 83, 109 (S.D.N.Y. 2021) (same). Accordingly, the Court will not consider this argument at this time.

United States District Court
Northern District of California

damages could be less than the price premium plaintiff paid for the product and that restitution may be more certain, prompt, and efficient than other legal remedies) (collecting cases). Defendant cites *Sonner* and *Guzman* for the proposition that the Court lacks equitable jurisdiction for restitution of past harm. ECF 25 at 32; *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020); *Guzman v. Polaris Indus., Inc.*, 49 F.4th 1308 (9th Cir. 2022). However, both *Sonner* and *Guzman* involve motions for summary judgment, so apply a much higher standard. Here, the pleading stage requires far less. *Valiente*, 717 F. Supp. 3d at 907; *Maisel v. S.C. Johnson & Son, Inc.*, No. 21-cv-00413-TSH, 2021 WL 1788397, at *12 (N.D. Cal. May 5, 2021) ("the Court follows other courts in this district that find no bar to the pursuit of alternative remedies at the pleading stage"). Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' equitable claims.

### D.    Plaintiffs State a Claim for Unjust Enrichment Under California Law

Defendant argues that "because Plaintiffs' other claims under the consumer statutes are insufficiently pleaded and fail," Plaintiffs' California law unjust enrichment claim too must fail. ECF 25 at 27. However, as discussed above, Plaintiffs plausibly alleged consumer protection claims so, under California law, "this is not a basis for dismissal of [their] claim for unjust enrichment." *Iglesias*, 2023 WL 4053803, at *6 (collecting cases); ECF 25 at 27 (Defendant acknowledges that the Ninth Circuit allows stand-alone claims for unjust enrichment).

Defendant also argues that, under New York law, this claim fails because it is duplicative of Plaintiffs' other claims. ECF 25 at 27. Plaintiffs contend the claim is unique because it requires proof of an additional, distinct element. ECF 28 at 25. In New York, claims for unjust enrichment lie "only in unusual situations when, though the defendant has not breached a contract nor committed a recognized tort, circumstances create an equitable obligation running from the defendant to the plaintiff," and not where a claim "simply duplicates, or replaces, a conventional contract or tort claim." *Hernandez v. Wonderful Co. LLC*, No. 23-cv-1242 (ER), 2024 WL 4882180, at *10 (S.D.N.Y. Nov. 25, 2024). Here, Plaintiffs' unjust enrichment claims under New York law would be

United States District Court
Northern District of California

considered as duplicative of their consumer protection claims since "they are premised on the same factual allegations and the same theory of liability." *Id.* (citations omitted). Therefore, the Court grants Defendant's motion to dismiss Plaintiffs' unjust enrichment claim under New York law only with leave to amend.

### E.    Plaintiffs State a Claim for Breach of Express Warranty

Defendant argues Plaintiffs' claim for breach of express warranty fails because there is no express statement in support of the alleged breach and the labels' representations are true. ECF at 28–29. Plaintiffs argue the labels do create a warranty because they promise a product made of "100% juice," but contain ascorbic acid. ECF 28 at 26.

"[C]ourts in this district regularly hold that stating a claim under California consumer protection statutes is sufficient to state a claim for express warranty." *Maisel*, 2021 WL 1788397, at *11 (citing *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1095 (N.D. Cal. 2017)). Courts applying New York law have also reached the same conclusion. *See Cooper*, 553 F. Supp. 3d at 111 (denying motion to dismiss where "Plaintiffs have plausibly alleged that the Products could mislead a reasonable consumer"); *Singleton v. Fifth Generation, Inc.*, No. 515cv474BKSTWD, 2016 WL 406295, at *11 (N.D.N.Y. Jan. 12, 2016) (same). Here too, since Plaintiffs have satisfied the reasonable consumer standard with respect to their consumer protection claims under New York and California law, the Court finds Plaintiffs have sufficiently alleged a breach of express warranty claim. Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' express warranty claim.

### F.    Plaintiffs Fail to State a Claim for Punitive Damages

Plaintiffs seek punitive damages for their seventh claim, fraud by omission/intentional misrepresentation. FAC ¶ 122. Defendant argues that Plaintiffs have failed to allege a plausible entitlement to punitive damages because they have not demonstrated that an officer, director, or managing agent of Defendant authorized any conduct that could constitute malice, fraud, or oppression. ECF 25 at 34; ECF 30 at 20.

The Court agrees with Defendant regarding punitive damages, but notes that this claim is otherwise sufficiently pled as discussed in Section B. "[A] corporate entity cannot commit willful and malicious conduct; instead, 'the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation.'" *Roper v. Big Heart Pet Brands, Inc.*, 510 F. Supp. 3d 903, 926 (E.D. Cal. 2020) (quoting *In re Yahoo! Inc. Customer Data Sec. Breach Litig.*, 313 F. Supp. 3d 1113, 1148 (N.D. Cal. 2018)). Plaintiffs must identify an officer, director, or managing agent who committed an act of oppression, fraud, or malice to seek punitive damages. Accordingly, the Court grants Defendant's motion to dismiss Plaintiffs' seventh claim with leave to amend.

### G.    Plaintiffs State a Claim for Injunctive Relief

Defendant argues that Plaintiffs lack standing to pursue injunctive relief because they cannot demonstrate future injury where Plaintiffs can simply review the ingredients list on the product. ECF 25 at 32; ECF 30 at 19. Plaintiffs argue they would like to purchase the product in the future and they cannot know for certain whether the false labeling has been or will be corrected. ECF 28 at 30.

Many courts in this district have held that "damages for past harm were not an adequate remedy for prospective harm caused by alleged false advertising because damages 'would [not] ensure that [the plaintiff] (and other consumers) can rely on [the defendant's] representations in the future.'" *Iglesias*, 2023 WL 4053803, at *6 (citing *Ziegler v. WellPet LLC*, 526 F. Supp. 3d 652, 687 (N.D. Cal. 2021)); *Maisel*, 2021 WL 1788397, at *6 (collecting cases). Accordingly, the Court denies Defendant's motion to dismiss Plaintiffs' claim for injunctive relief because "claims for monetary relief would not necessarily redress prospective harm." *Id.*

### IV.    CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' sixth claim for unjust enrichment under New York law and seventh claim for punitive damages with leave to amend and DENIES Defendant's motion in all other respects. Plaintiffs may

11

amend the Complaint by February 27, 2026. Plaintiffs may not add additional parties or claims without leave of the Court. Defendant does not need to file an answer until Plaintiffs file a second amended complaint or a notice that they will not amend.

**IT IS SO ORDERED.**

Dated: February 2, 2026

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

United States District Court
Northern District of California

12