BRUCE E. COPELAND (SBN: 124888)
bcopeland@nixonpeabody.com
LAUREN M. MICHALS (SBN: 184473)
lmichals@nixonpeabody.com
SEARA SULLIVAN (SBN 303403)
ssullivan@nixonpeabody.com
NIXON PEABODY LLP
One Embarcadero Center, 32nd Floor
San Francisco, CA  94111-3600
Tel:  415-984-8200
Fax:  415-984-8300

Attorneys for Defendant
S. MARTINELLI & COMPANY

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated;<br><br>Plaintiffs,<br><br>vs.<br><br>S. MARTINELLI & COMPANY,<br><br>Defendant. | Case No.: 5:25-CV-07569-NC<br><br>**DEFENDANT S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT**<br><br>Complaint Filed: September 5, 2025<br>Trial Date: None Set |

Defendant S. MARTINELLI & COMPANY ("Martinelli" or "Defendant"), through its undersigned counsel, hereby answers the Amended Class Action Complaint ("FAC") (Dkt. 16) of Plaintiffs JOLY RAMIREZ ("Ramirez") and SORANGIE SANCHEZ ("Sanchez") (collectively, "Plaintiffs") and responds in the following paragraphs:

- 1 -

## <u>INTRODUCTION</u>

1.      As to the allegations in Paragraph 1 and footnote 1, Defendant admits only that this paragraph purports to describe Plaintiffs' claims. Defendant denies the remaining allegations in Paragraph 1.

2.      As to the allegations in Paragraph 2, Defendant admits only that the challenged products depicted in Paragraph 2 and Exhibit 1 to the FAC (Dkt. 16-1, pp. 2–3, 5) state they are "PREMIUM 100% JUICE NOT FROM CONCENTRATE." Defendant denies the remaining allegations in Paragraph 2. Defendant further responds that the labels depicted in Paragraph 2 and Exhibit 1 are written documents that speak for themselves and refer to those documents for their true and complete terms and denies any mischaracterization of the labels' terms by Plaintiffs.

3.      As to the allegations in Paragraph 3, Defendant admits only that the challenged product depicted in Paragraph 3 contains the front label depicted in Paragraph 3. Defendant denies the remaining allegations in Paragraph 3. Defendant further responds that the label depicted in Paragraph 3 is a written document that speaks for itself and refers to that document for its true and complete terms and denies any mischaracterization of the label's terms by Plaintiffs.

4.      As to the allegations in Paragraph 4, Defendant admits that, in the past, some of its products' labels included the statement "no additives of any kind" and that, presently, Defendant's Apple Juice is labeled as "Premium 100% Juice Not From Concentrate." Defendant denies the remaining allegations in Paragraph 4 and further responds that the labels on Defendant's Products are written documents that speak for themselves and refer to those documents for their true and complete terms and denies any mischaracterization of the labels' terms by Plaintiffs.

5.      Defendant admits that the products listed in Paragraph 5 presently contain ascorbic acid.  Defendant denies the remaining allegations in Paragraph 5.

6.      As to the allegations in Paragraph 6, Defendant admits only that certain challenged products state they are "FROM U.S. GROWN FRESH APPLES" and "DRINK YOUR APPLE A DAY." Defendant denies the remaining allegations in Paragraph 6.

7.      Defendant denies the allegations in Paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the truth

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION
COMPLAINT; Case No.: 5:25-CV-07569

of the allegations in Paragraph 8 and, on that basis, denies the same.

9.      As to the allegations in Paragraph 9, Defendant denies that it "is able to extract a massive price premium" based on any "misrepresentations" and further denies that its labels contain any misrepresentations. Defendant lacks knowledge or information regarding the remaining allegations in Paragraph 9 and, on that basis, denies the same.

10.     The allegations in Paragraph 10 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies that Plaintiffs have accurately stated the law and denies the remaining allegations in Paragraph 10.

11.     The allegations in Paragraph 11 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant admits only that the labels on the challenged Products do not contain the phrases "with added ingredients" or "with added preservatives" but deny the legal import of this omission as alleged by Plaintiffs.

12.     As to the allegations in Paragraph 12, Defendant admits that the FDA makes available to the juice industry guidance documents and further responds that the FDA's guidance is contained within written documents that speak for themselves and refers to those documents for their true and complete terms, and denies any mischaracterization of those documents by Plaintiffs.

13.     As to the allegations in Paragraph 13, Defendant admits the challenged Products (as depicted in Dkt. 16-1) contain Vitamin C and the front labels do not include the statement "with added preservative." Defendant further admits that on its website it states "vitamin C [is] added to maintain color" on a product page for its Sparkling Blush and Sparkling Cider products. Defendant denies the remaining allegations in Paragraph 13 and its footnotes.

14.     The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies that Plaintiffs have accurately stated the law and denies the remaining allegations in Paragraph 14.

15.     As to the allegations in Paragraph 15, Defendant admits only that this paragraph purports to describe Plaintiffs' claims. Defendant denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any other consumers and denies the remaining allegations in Paragraph 15.

- 3 -

**JURISDICTION AND VENUE**

16.     The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies that any claims alleged by Plaintiffs may be maintained on behalf of any class, and further responds that the FAC fails to state any claims. Defendant denies the remaining allegations in Paragraph 16.

17.     The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant admits the allegations in Paragraph 17.

18.     The allegations in Paragraph 18 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant admits the allegations in Paragraph 18.

**PLAINTIFFS**

19.     As to the allegations in Paragraph 19, Defendant admits that the Apple Juice in half-gallon size and Sparkling Cider in 750mL size state that they are "100% Juice Not from Concentrate" and "100% Juice from U.S. Grown Fresh Apples," respectively. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19 and, on that basis, denies the same.

20.     As to the allegations in Paragraph 20, Defendant admits that the Apple Juice in half-gallon size and Sparkling Cider in 750mL size state that they are "100% Juice Not from Concentrate" and "100% Juice from U.S. Grown Fresh Apples," respectively. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20 and, on that basis, denies the same.

21.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 concerning what Plaintiffs allegedly want to do and/or allegedly will be unable to do in the future, and on that basis, denies the same. Defendant denies the remaining allegations in Paragraph 21.

22.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22, and on that basis, denies the same.

- 4 -

**DEFENDANT**

23.    As to the allegations in Paragraph 23, Defendant denies that the Products are all pressed, pasteurized, and bottled in California, and denies that the majority of the apples for its Products are sourced from California. Defendant admits the remaining allegations in Paragraph 23.

**FACTUAL ALLEGATIONS**

24.    As to the allegations in Paragraph 24, Defendant admits only that this paragraph purports to describe the products Plaintiffs seek to include in their claims. Defendant denies that Plaintiffs, either individually or on behalf of other consumers, may maintain any claims against Defendant based on the products listed in Paragraph 24.

25.    Defendant denies the labeling is deceptive and is unable to admit or deny the remaining allegations in Paragraph 25 as written and, on that basis, denies the same.

26.    Defendant admits that the products as depicted in Dkt. 16-1 contain the statement "100% Juice" on their labels but denies the remaining allegation in Paragraph 26.

27.    As to the allegations in Paragraph 27, Defendant admits that, except for 10oz Sparkling Cider, the challenged Products (as depicted in Dkt. 16-1) contain Vitamin C and the front labels do not include the statement "with added preservative."

28.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 and, on that basis, denies the same.

29.    The allegation in Paragraph 29 that "one or more of Defendant's officers acted with oppression, fraud, or malice sufficient to support punitive damages" states a legal conclusion to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 29 and further responds that Plaintiffs' claim for punitive damages has been dismissed by the Court (*see* Dkt. 35). Defendant denies the remaining allegations in Paragraph 29.

30.    The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 30.

## CLASS ACTION ALLEGATIONS

31. As to the allegations in Paragraph 31, Defendant admits only that this paragraph purports to describe the classes and subclasses of individuals on whose behalf Plaintiffs purport to bring claims. Defendant denies, however, that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

32. Paragraph 32 does not state factual allegations and, therefore, no response is required. To the extent a response is deemed necessary, however, Defendant denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class such that amendment of Plaintiffs' proposed classes and subclasses would be futile.

33. As to the allegations in Paragraph 33, Defendant admits only that this paragraph purports to describe those individuals Plaintiffs claim are excluded from their proposed classes. Defendant denies, however, that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class and denies the remaining allegations in Paragraph 33.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 34 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

35. The allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 35 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

36. The allegations in Paragraph 36 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 36 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 37 and further denies that any claims alleged by Plaintiffs may be maintained

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT; Case No.: 5:25-CV-07569

individually or on behalf of any class.

38.    The allegations in Paragraph 38 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 38 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

39.    The allegations in Paragraph 39 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 39 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

40.    The allegations in Paragraph 40 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 40 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

41.    The allegations in Paragraph 41 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 41 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

42.    The allegations in Paragraph 42 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 42 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

43.    The allegations in Paragraph 43 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 43 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

44.    The allegations in Paragraph 44 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 44 and further denies that any claims alleged by Plaintiffs may be maintained

individually or on behalf of any class.

45. The allegations in Paragraph 45 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 45 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

46. The allegations in Paragraph 46 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 46 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

47. The allegations in Paragraph 47 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 47 and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

## FIRST CLAIM FOR RELIEF

### Violations of California's Unfair Competition Law ("UCL")

### Cal. Bus. & Prof. Code §§ 17200, *et seq.*

48. Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

49. As to the allegations in Paragraph 49, Defendant admits only that this paragraph purports to describe Plaintiff Ramirez's claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

50. The allegations in Paragraph 50 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies that Plaintiffs have accurately paraphrased or quoted California Business and Professions Code §§ 17200, *et seq.*, refers to California Business and Professions Code §§ 17200, *et seq.* for its true and complete terms, and denies any mischaracterization of the law by Plaintiffs.

51. Defendant denies the allegation in Paragraph 51.

52. As to the allegations in Paragraph 52, Defendant admits only that this paragraph

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION
COMPLAINT; Case No.: 5:25-CV-07569

purports to describe Plaintiff Ramirez's claims. Defendant denies any wrongdoing under the UCL.

53.    The allegations in Paragraph 53 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 53.

54.    The allegations in Paragraph 54 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 54.

55.    As to the allegations in Paragraph 55, Defendant admits only that Plaintiff Ramirez purports to allege a violation under the "unlawful prong" of the UCL. The remaining allegations in Paragraph 55 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies those allegations in Paragraph 55.

56.    Paragraph 56 states legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 56.

57.    The allegations in Paragraph 57 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 57.

58.    The allegations in Paragraph 58 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 58.

59.    As to the allegations in Paragraph 59, Defendant admits only that this paragraph purports to describe the relief Plaintiff Ramirez claims to seek. Defendant denies that Plaintiff Ramirez, or any member of Plaintiffs' proposed class, is entitled to any such relief.

## SECOND CLAIM FOR RELIEF

### Violations of California's False Advertising Law

### Cal. Bus. & Prof. Code §§ 17500, *et seq.*

60.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

61.    As to the allegations in Paragraph 61, Defendant admits only that this paragraph

- 9 -

purports to describe Plaintiff Ramirez's claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

62.    The allegations in Paragraph 62 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 62.

63.    The allegations in Paragraph 63 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 63.

64.    The allegations in Paragraph 64 (which repeat, verbatim, the allegations in Paragraph 63) state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 64.

65.    The allegations in Paragraph 65 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 65.

66.    The allegations in Paragraph 66 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 66.

67.    As to the allegations in Paragraph 67, Defendant admits only that this paragraph purports to describe the relief Plaintiff Ramirez claims to seek. Defendant denies that Plaintiff Ramirez, or any member of Plaintiffs' proposed class, is entitled to any such relief.

## THIRD CLAIM FOR RELIEF

### Violations of California's Consumer Legal Remedies Act ("CLRA")

### Cal. Civ. Code §§ 1750, *et seq.*

68.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

69.    In response to the allegations in Paragraph 69, Defendant admits only that this paragraph purports to describe Plaintiff Ramirez's claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT; Case No.: 5:25-CV-07569

70. The allegations in Paragraph 70 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to California Civil Code § 1761(c) for its true and complete terms and denies any mischaracterization of the law by Plaintiffs.

71. The allegations in Paragraph 71 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to California Civil Code § 1761(d) for its true and complete terms and denies any mischaracterization of the law by Plaintiffs and further denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

72. Paragraph 72 states legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 72.

73. As to the allegations in Paragraph 73, Defendant admits only that it received a letter from Plaintiff Ramirez's counsel on or about September 2, 2025. The remaining allegations in Paragraph 73 state legal conclusions to which no response is required. To the extent a response to those allegations is deemed necessary, however, Defendant denies the allegations in Paragraph 73.

74. The allegations in Paragraph 74 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 74.

75. The allegations in Paragraph 75 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 75.

76. The allegations in Paragraph 76 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 76.

77. As to the allegations in Paragraph 77, Defendant admits only that this paragraph purports to describe the alternative relief that Plaintiff Ramirez claims to seek. Defendant denies that Plaintiff Ramirez, or any member of Plaintiffs' proposed class, is entitled to any such relief.

78. The allegations in Paragraph 78 state legal conclusions to which no response is

required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 78.

79.    As to the allegations in Paragraph 79, Defendant admits only that this paragraph purports to describe the relief Plaintiff Ramirez claims to seek. Defendant denies that Plaintiff Ramirez, or any member of Plaintiffs' proposed class, is entitled to any such relief.

## FOURTH CLAIM FOR RELIEF

### Violations of New York General Business Law § 349

80.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

81.    As to the allegations in Paragraph 81, Defendant admits only that this paragraph purports to describe Plaintiff Sanchez's claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

82.    The allegations in Paragraph 82 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to New York General Business Law ("GBL") § 349 for its true and complete terms and denies any mischaracterization of the law by Plaintiffs.

83.    The allegations in Paragraph 83 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to GBL § 349 for its true and complete terms and denies any mischaracterization of the law by Plaintiffs.

84.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84 and, on that basis, denies the allegations in Paragraph 84.

85.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 85 regarding Plaintiffs' or any individual's purchases and, on that basis, denies the same. The remaining allegations in Paragraph 85 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies those allegations in Paragraph 85.

86.    Defendant denies the allegations in Paragraph 86.

87.    The allegations in Paragraph 87 state legal conclusions to which no response is

- 12 -

required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 87.

88.    The allegations in Paragraph 88 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 88.

89.    The allegations in Paragraph 89 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 89.

90.    As to the allegations in Paragraph 90, Defendant admits only that this paragraph purports to describe the relief Plaintiff Sanchez claims to seek. Defendant denies that Plaintiff Sanchez, or any member of Plaintiffs' proposed class, is entitled to any such relief.

## FIFTH CLAIM FOR RELIEF

### Violations of New York General Business Law § 350

91.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

92.    As to the allegations in Paragraph 92, Defendant admits only that this paragraph purports to describe Plaintiff Sanchez's claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

93.    The allegations in Paragraph 93 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to GBL § 350 for its true and complete terms and denies any mischaracterization of the law by Plaintiffs.

94.    The allegations in Paragraph 94 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant refers to GBL § 350 for its true and complete terms and denies any mischaracterization of the law by Plaintiffs.

95.    The allegations in Paragraph 95 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 95.

96.    Defendant lacks knowledge or information sufficient to form a belief as to the truth

of the allegations in Paragraph 96 and, on that basis, denies the allegations in Paragraph 96.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97 regarding Plaintiffs' or any individual's purchases and, on that basis, denies the same. The remaining allegations in Paragraph 97 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies those allegations in Paragraph 97.

98.    The allegations in Paragraph 98 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 98.

99.    The allegations in Paragraph 99 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 100.

101.    The allegations in Paragraph 101 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 101.

102.    As to the allegations in Paragraph 102, Defendant admits only that this paragraph purports to describe the relief Plaintiff Sanchez claims to seek. Defendant denies that Plaintiff Sanchez, or any member of Plaintiffs' proposed class, is entitled to such relief.

## SIXTH CLAIM FOR RELIEF

### Unjust Enrichment

103.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

104.    As to the allegations in Paragraph 104, Plaintiffs' unjust enrichment claim under New York law was dismissed and Plaintiffs elected not to amend such that no response to this paragraph is required. (Dkt. Nos. 35, 36.) As to any claims under state law other than New York,

Defendant admits only that Paragraph 104 purports to describe Plaintiffs' remaining claims and denies that any remaining claims alleged by Plaintiffs may be maintained individually or on behalf of any class and denies that Plaintiffs have standing to assert claims under the state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

105.    As to the allegations in Paragraph 105, Defendant admits only that this paragraph purports to describe Plaintiffs' claims and denies that Plaintiffs may maintain a claim for unjust enrichment under New York law as that claim was dismissed and Plaintiffs elected not to amend (Dkt. Nos. 35, 36). Defendant denies that any remaining claims alleged by Plaintiffs may be maintained individually or on behalf of any class, and denies that Plaintiffs have standing to assert claims under the state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

106.    As to the allegations in Paragraph 106, Defendant admits that Plaintiffs purport to assert a claim for unjust enrichment in the alternative to legal claims but denies that Plaintiffs may maintain a claim for unjust enrichment individually or on behalf of any class members and further denies that Plaintiffs may assert a claim for unjust enrichment under state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

107.    The allegations in Paragraph 107 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 107.

108.    The allegations in Paragraph 108 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 108.

109.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 109 regarding Plaintiffs' or any individual's purchases and, on that basis, denies the same. The remaining allegations in Paragraph 109 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies those allegations.

110.    The allegations in Paragraph 110 state legal conclusions to which no response is

required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 110.

111.    The allegations in Paragraph 111 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 111.

112.    The allegations in Paragraph 112 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 112.

113.    The allegations in Paragraph 113 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 113.

114.    The allegations in Paragraph 114 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 114 and further denies that any claims alleged by Plaintiffs may be maintained on behalf of any class.

115.    The allegations in Paragraph 115 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 115 and further denies that any claims alleged by Plaintiffs may be maintained on behalf of any class.

## SEVENTH CLAIM FOR RELIEF

### Fraud by Omission / Intentional Misrepresentation

116.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

117.    As to the allegations in Paragraph 117, Defendant admits only that this paragraph purports to describe Plaintiffs' claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class.

118.    As to the allegations in Paragraph 118, Defendant admits only that this paragraph purports to describe Plaintiffs' claims and denies that any claims alleged by Plaintiffs may be

maintained individually or on behalf of any class and denies that Plaintiffs have standing to assert claims under the state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

119.    In response to the allegations in Paragraph 119, Defendant admits only that this paragraph purports to describe Plaintiffs' claims. Defendant denies that it engaged in any fraudulent conduct or made any misrepresentations as alleged in Paragraph 119.

120.    The allegations in Paragraph 120 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 120.

121.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 121 regarding Plaintiffs' alleged reliance, and on that basis, denies the same. Defendant denies all remaining allegations in Paragraph 121.

122.    The allegations in Paragraph 122 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 122.

123.    As to the allegations in Paragraph 123, Defendant admits only that this paragraph purports to describe the relief Plaintiffs claim to seek. Defendant denies that Plaintiffs are entitled to any such relief.

## EIGHTH CLAIM FOR RELIEF

### Breach of Express Warranty

124.    Defendant incorporates and repeats its answers to the allegations in each preceding paragraph as though fully set forth herein.

125.    As to the allegations in Paragraph 125, Defendant admits only that this paragraph purports to describe Plaintiffs' claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class and denies that Plaintiffs have standing to assert claims under the state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

126.    As to the allegations in Paragraph 126, Defendant admits only that this paragraph

- 17 -

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT; Case No.: 5:25-CV-07569

purports to describe Plaintiffs' claims and denies that any claims alleged by Plaintiffs may be maintained individually or on behalf of any class and denies that Plaintiffs have standing to assert claims under the state laws of states in which Plaintiffs do not reside or in which they did not purchase the challenged Products.

127. The allegations in Paragraph 127 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 127.

128. The allegations in Paragraph 128 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 128.

129. The allegations in Paragraph 129 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies the allegations in Paragraph 129.

130. As to the allegations in Paragraph 130, Defendant admits only that it received letters from Plaintiffs' counsel on or about September 2, 2025, and September 8, 2025. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 130 concerning the timing of Plaintiffs' knowledge and, on that basis, denies the same. The allegation in Paragraph 130 concerning the adequacy of Plaintiffs' purported pre-suit notice is a legal conclusion to which no response is required. To the extent a response is deemed necessary, however, that allegation is denied.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131 regarding Plaintiffs' or any individual's purchases and, on that basis, denies the same. The remaining allegations in Paragraph 131 state legal conclusions to which no response is required. To the extent a response is deemed necessary, however, Defendant denies those allegations in Paragraph 131.

132. As to the allegations in Paragraph 132, Defendant admits only that this paragraph purports to describe the relief Plaintiffs claim to seek. Defendant denies that Plaintiffs are entitled to any such relief.

## PRAYER FOR RELIEF[1]

133.    The Prayer for Relief does not contain any factual allegations to which a response is required. To the extent a response is deemed necessary, however, Defendant denies that Plaintiffs, or any member of Plaintiffs' proposed class, are entitled to the relief sought in Plaintiffs' Prayer for Relief. Defendant denies all other claims, allegations, and requests set forth in the FAC not specifically admitted herein.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all causes of action triable by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, Defendant asserts the following affirmative defenses to the FAC. Use of the terms "Plaintiffs" in these defenses refers to the named Plaintiffs as well as any member of the putative plaintiff class(es) alleged in the FAC.

## FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

On information and belief, Plaintiffs and the members of the putative class, if any, purchased the challenged Products, failed to seek a refund, and consumed the challenged Products with knowledge of their ingredients before asserting any claims against Defendant. Plaintiffs and the members of the putative class, if any, are therefore barred from asserting the claims against Defendant under the doctrine of estoppel.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

On information and belief, Plaintiffs and the members of the putative class, if any, purchased the challenged Products, failed to seek a refund, and consumed the challenged Products with knowledge of their ingredients before asserting any claims against Defendant. Plaintiffs and

---

[1] Plaintiffs' "Prayer for Relief" in the FAC is erroneously numbered as Paragraph 128.

- 19 -

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION COMPLAINT; Case No.: 5:25-CV-07569

the members of the putative class, if any, therefore waived any and all claims against Defendant with respect to the transactions alleged in the FAC and are barred from asserting such claims.

## THIRD AFFIRMATIVE DEFENSE

### (Consent)

On information and belief, Plaintiffs and the members of the putative class, if any, purchased the challenged Products, failed to seek a refund, consumed the challenged products with knowledge of their ingredients, and therefore consented to the ingredients list before asserting any claims against Defendant. Plaintiffs and the members of the putative class, if any, therefore consented to the ingredients list of their alleged purchases with Defendant, accepted the alleged transactions, and are barred from asserting any and all claims against Defendant with respect to the transactions alleged in the FAC.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

On information and belief, Plaintiffs and the members of the putative class, if any, consented to the ingredients list of their alleged purchases with Defendant, accepted the alleged transactions, failed to seek a refund and consumed the challenged Products before asserting any claims against Defendant. The FAC and each purported cause of action contained therein, and Plaintiffs' alleged recovery and the recovery of the members of the putative class, if any, are barred to the extent that Plaintiffs and the members of the putative class, if any, failed to mitigate, minimize, or avoid the injury or damages alleged in the FAC.

## FIFTH AFFIRMATIVE DEFENSE

### (Acceptance)

On information and belief, Plaintiffs and the members of the putative class, if any, accepted and consumed the challenged Products with knowledge of the challenged Products' ingredients and did not seek a refund before asserting any claims against Defendant. Plaintiffs' and the putative class members' claims are therefore barred by the doctrine of acceptance.

## SIXTH AFFIRMATIVE DEFENSE

### (No Private Right of Action)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, to the extent they claim that Defendant has violated any FDA regulations, as there is no private right of action under federal law to prosecute alleged violations of FDA regulations.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

Plaintiffs' and the putative class members' claims are preempted because they seek to impose requirements on Defendant's labeling different from and greater than those imposed by federal regulations, including under the Federal Food Drug and Cosmetic Act ("FDCA") (21 U.S.C. § 301 *et seq*.) as amended by the Nutritional Labeling and Education Act, and 21 C.F.R. § 101.30, which define what constitutes 100 percent juice and set forth uniform requirements for food and beverages labels. The FDA has specifically determined that manufacturers can label beverages as "100% juice" so long as they have a sufficient Brix level—even if they contain "non-juice ingredients." 21 C.F.R. § 101.30(b)(3). Plaintiffs' and the putative class members' claims are thus preempted because they seek to hold Defendant liable for labeling the challenged Products as "100% juice" despite FDA regulations expressly permitting Defendant to label the challenged Products as "100% juice."

## EIGHTH AFFIRMATIVE DEFENSE

### (Set-Off)

On information and belief, Plaintiffs and the members of the putative class, if any, consented to the ingredients list of their alleged purchases with Defendant, accepted the alleged transactions, failed to seek a refund and consumed the challenged Products before asserting any claims against Defendant and, therefore, Plaintiffs' and the putative class members' recovery, if any, is barred in whole or in part by the doctrine of offset in an amount equal to the value of their receipt, use, and enjoyment of the challenged Products.

S. MARTINELLI & COMPANY'S AMENDED ANSWER TO AMENDED CLASS ACTION
COMPLAINT; Case No.: 5:25-CV-07569

## NINTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

On information and belief, Plaintiffs and the members of the putative class, if any, consented to the ingredients list of their alleged purchases with Defendant, accepted the alleged transactions, failed to seek a refund and consumed the challenged Products before asserting any claims against Defendant and, therefore, Plaintiffs' and the putative class members' recovery, if any, is barred to the extent that any recovery would be a windfall resulting in unjust enrichment to Plaintiffs and the members of the putative class, if any.

## TENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

To the extent Plaintiffs seek to extend claims beyond the applicable statute of limitations, including but not limited to Cal Bus. & Prof. Code §§ 17200 *et seq.,* Cal. Civ. Code §§ 1750, *et seq.,* Cal. Com. Code § 2725, N.Y. U.C.C. § 2-2725, N.Y. Gen Bus. Law § 349, N.Y. Gen. Bus. Law § 350, and N.Y. CPLR § 213, the relief sought by Plaintiffs and the members of the putative class, if any, is barred in whole or in part by the applicable statutes or contractual periods of limitations.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiffs' and the putative class members' claims, if any, are barred by the equitable doctrine of laches by reason of Plaintiffs' own actions or failures to act and/or the actions or failures of the members of the putative class, if any, *inter alia*, their inexcusable delay in asserting the claims set forth in the FAC.

## TWELFTH AFFIRMATIVE DEFENSE

### (First Amendment)

Plaintiffs' and the putative class members' claims are barred, in whole or in part, by the First Amendment of the United States Constitution, and by similar provisions in the California Constitution that protect, among other things, Defendant's right to promote and advertise the challenged Products.

- 22 -

## LEGAL DEFENSES

Without assuming the burden of proof on any matters where that burden rests on Plaintiffs, Defendant asserts the following legal defenses to the FAC. Use of the terms "Plaintiffs" in these defenses refers to the named Plaintiffs as well as any member of the putative plaintiff class(es) alleged in the FAC.

### FIRST LEGAL DEFENSE

### (Failure to State a Claim)

Plaintiffs and the members of the putative class, if any, fail to state any claims upon which relief can be granted.

### SECOND LEGAL DEFENSE

### (Lack of Standing)

Plaintiffs and the members of the putative class, if any, have not suffered any actual harm or injury-in-fact because they received (and on information and belief consumed) what they paid for. Plaintiffs and the members of the putative class, if any, therefore lack standing under Article III of the United States Constitution as well as statutory standing under the UCL, FAL, CLRA, and GBL to assert any claims against Defendant. Plaintiffs also lack standing to assert claims, individually or on behalf of any class, concerning products that Plaintiffs did not purchase and to assert claims under the laws of states in which Plaintiffs do not reside or did not purchase the challenged Products. Plaintiffs and the members of the putative class, if any, additionally lack standing to seek injunctive relief where they do not plausibly allege a real and imminent risk of future harm.

## PRAYER FOR RELIEF

Wherefore, Defendant prays for relief as follows:

1.    Plaintiffs shall take nothing by way of their FAC;

2.    That the FAC be dismissed with prejudice;

3.    The Court enter judgment for Defendant and against Plaintiffs;

4.    The Court award Defendant its attorneys' fees incurred in defending this action;

5.    The Court award Defendant its costs of defending this action; and

6.    For such other and further relief as this Court deems reasonable and just.

Dated: March 13, 2026                          NIXON PEABODY LLP


                                               By:  */s/ Lauren M. Michals*
                                                    Bruce E. Copeland
                                                    Lauren M. Michals
                                                    Seara Sullivan
                                                    Attorneys for Defendant
                                                    S. MARTINELLI & COMPANY

- 24 -