ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@us.dlapiper.com
TIA Q. NGUYEN (Bar No. 338778)
tia.nguyen@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

ASHLEY L. BARTON (Bar No. 335673)
ashley.barton@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 619.699.2700
Fax: 619.699.2701

KEARA M. GORDON*
keara.gordon@us.dlapiper.com
COLLEEN M. CAREY GULLIVER*
colleen.gulliver@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY  10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

HARRISON B. PARK (Bar No. 347839)
harrison.park@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S. MARTINELLI & COMPANY,<br><br>Defendant. | CASE NO.  5:25-cv-07569-NC<br><br>**DEFENDANT S. MARTINELLI & COMPANY'S NOTICE OF ADMINISTRATIVE MOTION AND MOTION FOR MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT** Defendant S. Martinelli & Company ("Martinelli's") hereby moves this Court pursuant to Local Civil Rule 7-11 for a modification of the proposed case management schedule proposed by the Parties in the Joint Case Management Statement (ECF No. 31) ("Proposed Schedule") but not yet ordered by the Court. Good cause exists to modify the Proposed Schedule because Martinelli's has recently substituted in new defense counsel, who were not involved in the negotiation of the Parties' prior proposed case management schedule, and who require additional time to investigate the plaintiffs' claims and Martinelli's defenses and to assess potential custodians and search terms, which will inform the scope of discovery.

This Administrative Motion is based on this Notice, the Memorandum of Points and Authorities, the Declaration of Tia Q. Nguyen ("Nguyen Decl."), the Proposed Order, any oral argument, and all other authorities the Court may consider. The Parties have met and conferred in good faith regarding the subject matter of this Motion. The plaintiffs oppose the requested relief.

<strong><u>MEMORANDUM OF POINTS AND AUTHORITIES</u></strong>

## I.   INTRODUCTION

Martinelli's respectfully requests that the Court modify the Proposed Schedule to extend Martinelli's deadline to oppose the plaintiffs' motion for class certification, and to propose reasonable deadlines for the close of fact and expert discovery, dispositive motions, pre-trial conference, and trial. Since DLA Piper LLP ("DLA Piper") was recently retained as substitute counsel for Martinelli's, it has been working diligently to investigate the plaintiffs' claims and Martinelli's defenses, locate documents and information responsive to the plaintiffs' outstanding discovery, and to assess custodians, search terms, and the appropriate scope of discovery. DLA Piper reasonably and in good faith believes that a modest modification of the Proposed Schedule is warranted to allow DLA Piper to get up to speed in the case, and to allow the Parties sufficient time to complete class certification-related discovery prior to class certification briefing, and merits-based discovery prior to dispositive motion briefing. Martinelli's requested relief will not result in any prejudice to the plaintiffs because a case schedule has not yet been set, so Martinelli's requested

DEFENDANT MARTINELLI'S ADMINISTRATIVE MOTION FOR
MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE
CASE NO. 5:25-CV-07569-NC

modifications will not impact any currently operative case deadlines.  For the reasons discussed in further detail below, Martinelli's requests that the Court grant the requested relief set forth herein.

II.    **BACKGROUND**

A.    **Procedural Background and the Parties' Proposed Schedule.**

On September 5, 2025, the plaintiffs filed a Class Action Complaint against Martinelli's. *See* ECF No.1.  The plaintiffs filed an Amended Class Action Complaint on November 13, 2025 asserting one additional claim for relief.  *See* ECF No. 16 (the "Amended Complaint").   On December 15, 2025, Martinelli's filed a Motion to Dismiss the Amended Class Action Complaint and Strike Relief and Class Claims (the "Motion to Dismiss").  *See* ECF No. 26.  While the Motion to Dismiss was pending, the Parties filed a Joint Case Management Statement, in which Martinelli's requested bifurcation of discovery such that merits-based discovery is stayed until after a ruling on the plaintiffs' motion for class certification.  *See* ECF No. 31 at 7–8. Although the plaintiffs opposed bifurcation, the Parties jointly submitted the Proposed Schedule, which proposed the following deadlines for the plaintiffs' anticipated motion for class certification:

| Date | Event |
|---|---|
| September 7, 2026 | Deadline for the plaintiffs to file motion for class certification and to disclose any expert reports in support of class certification |
| November 7, 2026 | Deadline for Martinelli's to file an opposition to class certification and disclose any expert reports in opposition to class certification |
| December 21, 2026 | Deadline for the plaintiffs to file a reply in support of class certification |

*Id.*at 8.  The Parties did not propose a specific deadline for completion of fact discovery, but agreed it should be set after a ruling on the plaintiffs' anticipated motion for class certification.  *Id.*  The Parties did not propose any other case schedule deadlines, including for close of expert discovery, dispositive motions (such as motion(s) for summary judgment), pre-trial conference, or trial.

On February 2, 2026, the Court issued an Order granting in part and denying in part Martinelli's Motion to Dismiss.  *See* ECF No. 5.  Thereafter, Martinelli's filed an Answer to the

plaintiffs' Amended Complaint on February 17, 2026, and an Amended Answer to the plaintiffs' Amended Complaint on March 13, 2026. *See* ECF Nos. 37 and 44.

From when the case commenced and through the filing of Martinelli's Answer and Amended Answer, Martinelli's was solely represented by Nixon Peabody LLP. *See* Nguyen Decl. ¶ 2.

### B.   Martinelli's Recent Substitution of Counsel.

On April 21, 2026, counsel at DLA Piper entered appearances on behalf of Martinelli's. *See* ECF Nos. 45–48. On April 28, 2026, Martinelli's filed a Motion to Substitute Law Firm ("Motion for Substitution") requesting that counsel at DLA Piper be substituted in as counsel of record for Martinelli's in place of Nixon Peabody LLP. *See* ECF No. 49. The Court granted the Motion for Substitution on the same day. *See* ECF No. 40.

DLA Piper has been diligently assessing the case, existing work product, and prior discovery efforts. Nguyen Decl. ¶ 4. The Parties have not yet completed their negotiations of custodians, search terms, protocol for the discovery of electronically stored information ("ESI"), or scope of discovery. *Id.* Given the current status of the case and the recent retention of DLA Piper, counsel for Martinelli's reasonably and in good faith believes that an extension of the dates contained in the Proposed Schedule are warranted. Martinelli's has conferred with the plaintiffs, who oppose the relief requested herein, thereby necessitating this administrative motion.

### III.   ARGUMENT

Pursuant to this Court's guidelines for the contents of joint case management statements, parties are required to propose "dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial." *See* Standing Order for All Judges of the Northern District of California, Contents of Joint Case Management Statement, available at https://cand.uscourts.gov/sites/default/files/standing-orders/Standing_Order_All_Judges-11-30-2023.pdf. Section 6 of the California Attorney Guidelines of Civility and Professionalism (incorporated by Civil Local Rule 11-4(a)) provides that attorneys "should not arbitrarily or unreasonably withhold consent to a request for scheduling accommodations." Civil Local Rule 7-11 permits any party to file an administrative motion "with respect to miscellaneous administrative

3

DEFENDANT MARTINELLI'S ADMINISTRATIVE MOTION FOR
MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE
CASE NO. 5:25-CV-07569-NC

matters, not otherwise governed by a federal statute, Federal Rule, local rule, or standing order of the assigned Judge." Courts routinely permit parties to modify and/or extend case schedules where a party retains new counsel and/or where parties promptly request additional time to complete discovery in advance of the filing of a motion for class certification. *See, e.g.*, *Acosta v. TLC Residential, Inc.*, 218 WL 10000347, at \*1 (N.D. Cal. Feb. 20, 2018) (explaining that a defendant's "transition to new counsel . . . necessitated further extensions of the case management schedule"); *Catlin v. Cappell*, 2014 WL 710687, at \*2 (E.D. Cal. Feb. 21, 2014) ("The addition of new counsel to any case necessitates adjustment to previously established schedules and due dates."); *Sun Gon Kang v. Credit Bureau Connection, Inc.*, 2020 WL 1689708, at \*8 (E.D. Cal. Apr. 7, 2020) (finding good cause to modify case schedule "to allow the parties sufficient time to complete class certification discovery"); *Gruder v Boomsourcing, LLC*, 2021 WL 12321349, at \*1 (S.D. Cal. Jan. 26, 2021) (finding good cause to extend scheduling order "to permit sufficient time . . . to conduct discovery").

Here, good cause exists to allow Martinelli's to modify the Proposed Schedule as follows:

| Event | Previously Proposed Deadline | New Proposed Deadline |
|---|---|---|
| Deadline for the plaintiffs to file motion for class certification and to disclose any expert reports in support of class certification | September 7, 2026 | Same; September 7, 2026 |
| Close of fact discovery relating to class certification | None | October 30, 2026 |
| Deadline for Martinelli's to file an opposition to class certification and disclose any expert reports in opposition to class certification | November 7, 2026 | February 15, 2027 |
| Deadline for the plaintiffs to file a reply in support of class certification | December 21, 2026 | March 22, 2027 |
| Deadline for both parties to file Rule 702 motion(s) in connection with class certification | None | April 19, 2027 |
| Close of merits-based fact discovery and expert discovery | None | May 21, 2027 |
| Deadline to file dispositive motions | None | June 30, 2027 |
| Pre-trial conference / Trial | None | To be determined after ruling on the class certification motion |

DEFENDANT MARTINELLI'S ADMINISTRATIVE MOTION FOR
MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE
CASE NO. 5:25-CV-07569-NC

Martinelli's has only recently retained DLA Piper, who require additional time to investigate the claims and defenses, locate documents and information responsive to the plaintiffs' outstanding discovery, and confer with the plaintiffs' counsel to negotiate custodians, search terms, and the scope of discovery. Additionally, additional time is needed to allow the Parties to sufficient time to complete class certification-related discovery[1] and merits-based discovery to allow for efficient and fully informed briefing. Martinelli's modified dates do not prejudice the plaintiffs because no case schedule has yet been entered by the Court, so no currently operative deadlines would be impacted as a result of Martinelli's proposal. Additionally, the originally proposed date for the plaintiffs' motion for class certification remains unchanged. Martinelli's continues to work diligently in the meantime while awaiting a scheduling order from the Court.[2]

## IV.    CONCLUSION

For the foregoing reasons, Martinelli's respectfully requests that the Court revise the Proposed Schedule in accordance with the dates set forth in Section III above.

Dated:  May 15, 2026                    **DLA PIPER LLP (US)**

By: */s/ Tia Q. Nguyen*
        TIA Q. NGUYEN
        ISABELLE L. ORD
        KEARA M. GORDON
        COLLEEN M. CAREY GULLIVER
        ASHLEY L. BARTON
        HARRISON B. PARK

        *Attorneys for Defendant*
        *S. MARTINELLI & COMPANY*

---

[1] Because the plaintiffs do not agree to any modification of the Proposed Schedule, Martinelli's does not seek to modify the plaintiffs' September 7, 2026 deadline.

[2] Through this Administrative Motion, Martinelli's additionally respectfully requests clarification as to whether discovery will be bifurcated, which will inform the scope for discovery.

DEFENDANT MARTINELLI'S ADMINISTRATIVE MOTION FOR MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE
CASE NO. 5:25-CV-07569-NC