**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

**SMITH KRIVOSHEY, PC**
Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S. MARTINELLI & COMPANY,<br><br>Defendant. | CASE NO.: 5:25-cv-07569-NC<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR MODIFICATION OF PROPOSED CASE MANAGEMENT SCHEDULE**<br><br>Initial Complaint Filed: September 5, 2025<br>Trial Date: None Set |

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO MODIFY CASE MANAGEMENT SCHEDULE
CASE NO. 5:25-CV-07569-NC

## I. Introduction

Until now, the parties have been proceeding under a schedule they proposed to the Court on January 28, 2026. *See* Joint Case Mgmt. Stmt., §§ 9, 15 (ECF No. 31). Plaintiffs would not oppose a "modest modification" to that schedule, such as pushing out agreed deadlines by a few weeks or even a month, but that is not even close to what Defendant is seeking here. Instead, it is using the appearance of new counsel as pretext to completely upend prior agreements concerning scheduling, and to ask the Court to impose extreme deadlines that obviously have nothing to do with the need for counsel to "get up to speed" on the case. On the one hand, Defendant's requested new schedule delays this case by stretching out class certification briefing over nearly a year, giving Defendant more than *five months* to oppose class certification and nearly *eight* months to file *Daubert* motions seeking exclusion of Plaintiffs' class certification experts, while self-servingly giving Plaintiffs two months to file their own *Daubert* motions. *See* Mtn. at 4:15-28 (ECF No. 55). At the same time, however, their proposal would accelerate merits discovery and likely require summary judgment motions before a decision on class certification and notice, even though to date, Defendant has not produced a single document or responded to a single interrogatory or request for admission.

The irony is that at this point, a truly "modest" change to the proposed schedule (*i.e.*, pushing dates out by a few weeks) may be necessary due to Defendant's lack of cooperation in discovery to date. Discovery opened in November 2025. To fend off a threatened motion to compel, Defendant promised to provide amended responses on May 4, 2026. Then it broke that promise, and to fend off a motion to compel again, now says it will serve those responses on June 5, 2025. Plaintiffs proposed discussing potential modifications to the schedule shortly after June 5, because Defendant's responses, if any, may shed light on whether a scheduling adjustment will be necessary, and if so, what a modified schedule should look like. Defendant rejected that proposal, and filed its motion instead. The Court should deny the motion and enter the schedule Defendant agreed to in January. The parties can discuss a stipulated modification if there is a real need.

## II. Defendant Is Seeking A Complete Rewrite Of A Case Management Schedule That It Asked The Court To Enter

Until now, the case management schedule was one of the few things the Parties were able to

agree on. *See* Joint Case Mgmt. Stmt., §§ 9, 15 (ECF No. 31). That schedule had two important features that Defendant is now reneging on. <u>First</u>, as is typical in class certification motions, the schedule gave Defendant more than two-months to file an opposition to class certification. *See* Joint Case Mgmt. Stmt., § 9. Defendant does not explain why the appearance of new counsel makes two months insufficient. <u>Second</u>, it is common practice in this District—including in this particular Court—to defer setting pre-trial deadlines until after a decision on class certification, because the outcome of that motion, class notice, and appeals under Rule 23(f) impact the timing and scope of the remaining pretrial events.[1] Defendant adopted that approach here, stating as follows:

> The parties propose that the Court set a schedule through briefing Plaintiffs' anticipated motion for class certification only, and order the parties to file an updated case management statement proposing remaining deadlines such as designation of merits experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial within fourteen days of a ruling on class certification. **The parties believe that vastly different schedules may be necessary depending on whether, and to what extent, the Court may certify a class in this case.** Accordingly, the parties request that the Court order the class certification schedule set out in Section 9 above, and order the parties to provide an updated proposed schedule with remaining pretrial and trial deadlines within 14 days of a ruling on class certification.

*Id.* at § 15 (emphasis added). Defendant's agreement to this structure is an important fact, because under that agreement, much of the work its new counsel says is necessary to "get up to speed" would be deferred until sometime next year, and even then, only if class certification were granted. But according to Defendant's new requested schedule, merits fact and expert discovery, as well as summary judgment, would be *accelerated*, regardless of the outcome on class certification.

## III.    Defendant Fails To Support The Extreme Relief It Seeks

In its brief, Defendant makes no substantive effort to meet the "good cause" standard it says governs here. *See* Motion, 1:5; 4:10-14. In the scheduling context, "'good cause' generally means that a party cannot meet its scheduling deadlines despite exercising reasonable diligence." *Laatz v. Zazzle, Inc.*, 2023 WL 8851631 at *2 (N.D. Cal. Dec. 21, 2023); *see also McCabe v. Six Continents*

---

[1] *See*, *e.g*, *Crowder v. Shade Store, LLC*, N.D. Cal. Case No. 23-cv-02331-NC (Cousins, J.) (ECF Nos. 43-44) (setting schedule only up to class certification and deferring other pre-trial deadlines); *Meza v. Coty, Inc.*, N.D. Cal. Case No. 5:22-cv-05291-NC (Cousins, J.)  (ECF No. 24) (same); *Yoon v. Meta Platforms, Inc.*, N.D. Cal. Case No. 5:24-cv-02612-NC (Cousins, J.) (ECF No. 52) (same).

*Hotels, Inc.*, 2013 WL 12306494 at *2 (N.D. Cal. Oct. 10, 2013) (Cousins, J.) (the good cause standard "primarily considers the diligence of the party seeking the amendment....") (internal quotation omitted). There are at least three reasons why Defendant fails the good cause standard: (1) Defendant offers no substantive explanation for its position; (2) Defendant all but admits that the real purpose of the motion is a change in litigation strategy; and (3) Defendant admits that it has not been diligent in discovery or advancing this case.

<u>First</u>, "vague" and "cursory" statements of counsel lacking in substantive detail cannot support diligence. *Ortiz v. Enhanced Recovery Co.*, 2019 WL 13218715, at *1 (E.D. Cal. Jan. 10, 2019) ("the discussion of good cause and diligence found in defendant's application is somewhat cursory."); *Kastigar v. Hunt & Henriques, LLP*, 2024 WL 5185390, at *2 (C.D. Cal. Oct. 8, 2024) ("Plaintiff's assertion of diligence is vague and unsubstantiated by a detailed declaration of Counsel"). Here, Defendant mainly argues that it recently hired new counsel at DLA Piper, coupled with superficial bromides that DLA Piper has been "diligently assessing the case." Nguyen Decl., ¶¶ 2-4 (ECF No. 55-1). There is no explanation why Defendant now needs more than five months to file an opposition to class certification when two months sufficed before. There is no explanation why accelerating merits discovery and other post-certification deadlines will help new counsel "get up to speed" on the case. Nor does Defendant suggest prior counsel has failed to transfer case files or assist with the transition, as it is required to do. *See* Cal. Rule of Professional Conduct 3-700(A)(2). Defendant does not contend that the legal or factual issues in this garden-variety false advertising case are complex. In short, Defendant's motion is utterly lacking in substance, and there is a clear disconnect between the relief Defendant seeks and the vague reasons given for the requested relief.

<u>Second</u>, Defendant argues "DLA Piper LLC was not involved in the Parties' prior discussions regarding negotiation of the case management schedule" set forth in the January 28, 2026 Joint Case Management Statement. Nguyen Decl., ¶ 5. As to that issue, Defendant simply states, without elaboration, that a modification is warranted due to "the current status of the case and recent retention of DLA Piper." *Id.* But that is not a substantive argument, it is just an *ipse dixit* statement of Defendant's position. It also suggests that the motion was prompted by a difference of opinion between prior and current counsel concerning litigation strategy, but that is not "good cause" or an

excuse to ignore Defendant's prior statements to the Court about what it believes is an appropriate case management plan for this case. *See* Joint Case Mgmt. Stmt., §§ 9, 15 (ECF No. 31).

Third, Defendant *admits* it has not been diligent when it argues that the "Parties have not yet completed their negotiations of custodians, search terms, protocol for [ESI], or scope of discovery." Nguyen Decl., ¶ 4. That is a problem of Defendant's own making, because for nearly six months, Defendant has used every trick in the book to delay discovery in this case. *See* Krivoshey Decl., ¶¶ 2-25 (providing history of Defendant's behavior to date). Plaintiffs served their initial written discovery consisting of ten interrogatories and nineteen requests for production on November 24, 2025. *Id.* at ¶ 2. After requesting and receiving a one-month extension, Defendant served boilerplate, blanket objections on January 23, 2026, refusing to produce or disclose *anything*. Exs. 1-2 to Krivoshey Decl. There was no need for an extension to do that. Plaintiffs have been seeking amended substantive discovery responses from Defendant since it served its non-substantive responses on January 23, 2026. Defendant would not agree to produce anything without a protective order, even for requests that sought obviously non-confidential information, such as the identification of retailers that sell Defendant's products, or of employees with responsive information. *See*, *e.g.*, Ex. 1 to Krivoshey Decl. at pp. 4, 6. Plaintiffs proposed using the N.D. Cal model protective order on January 23, 2026, but the record shows that it took more than a month and a half to secure Defendant's cooperation on that process. *See* Krivoshey Decl., ¶¶ 4-9.

After resolving the protective order issue, Plaintiffs' counsel followed up to ask for a date certain on when Defendant would supplement its discovery responses. A long pattern of delay and broken promises followed. On April 9, 2026, Plaintiffs began this Court's discovery dispute resolution procedures. *Id.* at ¶¶ 12-13. The following day, Defendant responded that it expected to have amended discovery responses "**served by May 4**" and that they would "get back to you on a date to meet and confer over custodians and [ESI]." *Id.* at ¶ 14 and Ex. 6. On April 14, 2026, Defendant's counsel reiterated that it intended to "update each of the discovery responses served to date and are working to provide those prior to May 4. We will also send you a list of custodians and proposed search terms ahead of a meet and confer…" *Id.* at ¶¶ 15-16 and Exs. 7-8.

So, Defendant was in a position to discuss those issues by that date. Importantly, Defendant

also agreed to formally produce extensive sales data that it had already informally produced in connection with an unsuccessful mediation in March, and the parties agreed to meet and confer on April 15 concerning custodians and search terms. *Id.* at ¶ 16 and Ex. 8. However, over the next 24 hours, Defendant fired its counsel, with new counsel announcing their appearance over email on April 16.

On April 28, 2026, Defendant's new counsel stated Defendant would not comply with its agreement to produce supplemental responses by May 4, and declined to commit to any date certain for when supplemental discovery response would be coming. *Id.* at ¶¶ 17-18 and Ex. 9. Defendant also stated, "[w]e can, however, reproduce the sales information that was provided under mediation privilege," and that "[w]e are preparing that information for production." Ex. 9 to Krivoshey Decl. The following week, however, Defendant broke its word again, stating "as we do not yet have any data sources, we cannot propose search terms." Krivoshey Decl., ¶ 20 and Ex. 10. Defendant also reversed course on the production of sales data, stating, "we are not in a position to reproduce the sales data shared under mediation privilege at this time" because purportedly the data "is not in a format for discovery production." *Id.* at ¶ 21. Counsel provided no information suggesting that preparing for production of a single, 174.2 KB Excel file that had already been produced in mediation is a complex, time consuming, or burdensome task. *Id.* Counsel also disclosed that, despite Plaintiffs' discovery having been served in November 2025, "an e-discovery collection had not yet been performed, including transmission of any PST files." *Id.* at ¶ 25. In short, the record shows not only a lack of diligence, but an unwillingness to adhere to agreements or cooperate in the productive advancement of this case. That alone is a sufficient basis to deny the motion.

Finally, as things currently stand, Defendant has stated it would serve amended responses on June 5, 2026. To avoid the need for Defendant's motion, Plaintiffs suggested that the parties confer concerning scheduling immediately after June 5 because the responses would likely affect what, if any, scheduling modification would be necessary. *Id.* at ¶¶ 26-27. Defendant declined. The Court should deny Defendant's motion, enter the scheduling order that Defendant requested on January 28, 2026, and the parties can then meet and confer about whether any modest stipulated extensions are warranted.

Dated: May 18, 2026

**SMITH KRIVOSHEY, PC**

By:  */s/ Yeremey O. Krivoshey*
      Yeremey O. Krivoshey

Yeremey O. Krivoshey (State Bar No. 295032)
28 Geary Street Suite 650 #1507
San Francisco, CA 94108
Phone: 415-839-7000
E-Mail:  yeremey@skclassactions.com

**SMITH KRIVOSHEY, PC**
Joel D. Smith (State Bar No. 244902)
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
Phone: 617-377-7404
E-Mail:  joel@skclassactions.com

*Attorneys for Plaintiffs and the Putative Classes*