Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Jason J. Kim (State Bar No. 221476)
kimj@Hunton.com
Hakop Stepanyan (State Bar No. 296782)
hstepanyan@Hunton.com
**HUNTON ANDREWS KURTH LLP**
550 S. Hope Street, Suite 2000
Los Angeles, California 90071-2627
Telephone: (213) 532-2000
Facsimile: (213) 532-2020

Attorneys for Non-Party
CIRCANA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>S. MARTINELLI & COMPANY,<br><br>Defendant(s). | CASE NO.: 5:25-CV-07569-NC<br><br>**STATEMENT OF DESIGNATING NON-PARTY CIRCANA, LLC UNDER L.R. 79-5** |

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Circana, LLC, not a party to this action, by its undersigned attorney and pursuant to Local Rule 79-5(f)(3), respectfully submits this statement, together with the attached Declaration of Brian Burke, in support of the "Plaintiffs' Motion to Consider Whether Another Party's Material Should Be Sealed" [Dkt 59].

The Plaintiffs' motion notes that confidential market research data provided by Circana was submitted as part of Exhibit 52, the Declaration of Colin B. Weir, specifically its pages 20 and 22 and Tables 1-4, and the Circana data are designated confidential under the protective order entered in the case [Dkt 43]. The Plaintiffs' application was served on Circana on September 9, 2026.

Circana joins in that part of the Plaintiffs' motion seeking to protect Circana's data against public disclosure and requests that the Court grant Plaintiffs leave to file Circana's confidential market research data under seal. The specified portions of the content of Exhibit 52 which disclose Circana's confidential research information summarize the sales of specific Martinelli's branded items in the State of New York, stating figures in columns for "Dollar Sales" and "Unit Sales".

Local Rule 79-5 requires that this statement by Circana, the designating party asserting the confidential nature of its research data, state the applicable legal standard and the reasons for keeping this material under seal. L.R. 79-5(c)(1) and L.R. 79-5(c)(1)(i)-(iii).

"Good cause" is the applicable legal standard. It applies when confidential matter is sought to be filed under seal in connection with a non-dispositive motion. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006). Although the common law raises a presumption in favor of public access to materials submitted as evidence in open court, this presumption does not apply to materials properly submitted to the court under seal. *Phillips v. GMC*, 307 F.3d 1206, 1213 (9th Cir. 2002). The Plaintiffs' filing which references the confidential Circana data, the motion for class certification [Dkt 60], does not pertain to any dispositive motions.

The public interest in access to dispositive materials does not apply with equal force to such nondispositive materials. *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1115 (9th Cir. 2009); *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006): "The public policies that support the right of access to dispositive motions, and related materials, do not apply with equal force to non-dispositive materials."

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

Applying the more stringent "compelling interest" standard under these circumstances is not called for, because the public has less of a need for access to court records attached only to non-dispositive motions, especially such information as Circana's report. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), citing *Phillips, supra*, which in turn relied on *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984). Applying such a stringent standard would needlessly "undermine a district court's power to fashion effective protective orders." *Pintos v. Pac. Creditors Ass'n*, 565 F.3d 1106, 1116 (9th Cir. 2009), citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Good cause exists for Circana's confidential data to be filed under seal. Circana is a national and international market research firm, in the business of collecting, analyzing and marketing specialized data. Circana's principal source of operating revenues is the fees it generates from the licensing of its data collections to clients. Circana's reports, studies, analyses and data are Circana's commercial product, its stock-in-trade. (Declaration of B. Burke, ¶¶ 2-4)

Circana makes substantial investments in order to obtain raw data from thousands of cooperating retailers and other sources. Then, at considerable expense, Circana cleanses, compiles and analyzes these data and projects its reports and analyses for its clients. (Declaration of B. Burke, ¶ 4)

Circana licenses portions of its data collections to its clients, pursuant to written contracts, the terms and conditions of which are confidential. This confidentiality exists to protect the interests of both Circana and its clients against the public disclosure of sensitive details of their contractual relationship, such as pricing, delivery and customization. (Declaration of B. Burke, ¶¶ 2-4)

After receiving and objecting to the subpoena it received in this case, Circana offered to retrieve data pertaining to sales of certain identified Martinelli branded products between 2021 and 2026 and to deliver a custom research report to Plaintiffs' counsel. Circana routinely requires of its clients that they maintain Circana's data and reports licensed to them in confidence. Plaintiffs' counsel agreed to maintain Circana's report as confidential and to invoke the protective order entered in the case when producing the report to the parties in the litigation, so that other parties

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

would also maintain the Circana data as confidential. (Declaration of Brian Burke, ¶¶ 5-8) To Circana's knowledge, no party objected to the designation.

Circana specifically reserved its right to license the same data in any form to other clients. If the parties to the litigation were allowed to publish Circana's confidential report and data, Circana would be irreparably harmed, both in the taking of its hard-earned intellectual property without compensation and in the loss of the revenues Circana would receive for the production of the same research data to other paying clients. Circana delivered a custom report for which it charged Plaintiff's counsel $20,500.00. If the Circana data and report are not protected against public disclosure and become part of the public domain, Circana's potential loss would be this amount multiplied by an indefinite number of lost sales opportunities. (Declaration of Brian Burke, ¶¶ 7-9)

No less restrictive alternative to sealing is sufficient, because any solution which places the Circana report and data in the public domain would destroy the commercial value of the data. The clients and potential clients who would otherwise have to come to Circana to obtain these data would obtain the proprietary Circana data from the court file, free of charge. The needs of the case cannot possibly justify such harm to the legitimate business interests of a non-party. The Circana data need not be admissible in evidence for the parties' expert witnesses to rely on the data. Federal Rule of Evidence 703.

In the circumstances, even if the more stringent "compelling interest" standard were applied here, Circana's confidential market research data would still be entitled to confidential treatment, so that the legitimate commercial and intellectual property interests of Circana, a non-party with no stake in the controversy, will not be harmed. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), *supra* at 2.

For all the foregoing reasons, Circana, LLC requests the Court to grant that portion of the plaintiffs' motion seeking to file their Exhibit 52, the Declaration of Colin B. Weir, specifically its

/ / /

/ / /

/ / /

Hunton Andrews Kurth LLP
550 South Hope Street, Suite 2000
Los Angeles, California 90071-2627

pages 20 and 22 and Tables 1-4 and the Circana data therein, in the case under seal, to protect against public disclosure of the confidential Circana information.

Dated: September 15, 2026

**HUNTON ANDREWS KURTH LLP**

By: *\/s/ Jason J. Kim*
Jason J. Kim
Hakop Stepanyan
Attorneys for Non-Party
CIRCANA, LLC