ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@us.dlapiper.com
TIA Q. NGUYEN (Bar No. 338778)
tia.nguyen@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

ASHLEY L. BARTON (Bar No. 335673)
ashley.barton@us.dlapiper.com
**DLA PIPER LLP (US)**
4365 Executive Drive, Suite 1100
San Diego, CA 92121
Tel: 619.699.2700
Fax: 619.699.2701

KEARA M. GORDON*
keara.gordon@us.dlapiper.com
COLLEEN M. CAREY GULLIVER*
colleen.gulliver@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

HARRISON B. PARK (Bar No. 347839)
harrison.park@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

*admitted *pro hac vice*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

S. MARTINELLI & COMPANY,

Defendant.

CASE NO. 5:25-cv-07569-NC

Magistrate Judge Nathanael M. Cousins

**DECLARATION OF ISABELLE L. ORD IN RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**

I, Isabelle L. Ord, hereby declare as follows:

**I. INTRODUCTION AND RELIEF REQUESTED**

1. I am a partner at DLA Piper LLP (US), counsel of record to defendant S. Martinelli & Company ("Martinelli's"). I have reviewed and am familiar with the confidentiality designations at issue in Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed (Dkt. 59) (the "Administrative Motion") and Martinelli's treatment of its proprietary and confidential information therein.[1] I have personal knowledge of the facts stated below, and, if called as a witness, I could and would testify competently thereto. I submit this declaration concurrently with the Declaration of Scott Lee filed herewith (the "Lee Declaration") in response to the Administrative Motion.

2. Pursuant to Local Rules 7-11 and 79-5, Martinelli's seeks an order to maintain under seal certain limited and narrowly tailored portions of Plaintiffs' Motion for Class Certification (Dkt. No. 60) and Exhibits 30, 31, 32, 41, 43, 44, 45, 48, 49, 50, and 52 to the Declaration of Joel D. Smith In Support of Plaintiffs' Motion for Class Certification (Dkt. No. 60-1) (the "Smith Declaration"), filed provisionally under seal. The limited material for which Martinelli's requests sealing contains and refers to Martinelli's sensitive, nonpublic, confidential information that, if disclosed, would significantly harm Martinelli's competitive standing, including (1) internal sales, pricing, wholesale, and distribution data; (2) proprietary product formulations; (3) certain private personally identifiable information of Martinelli's customers; and (4) internal and forward looking marketing strategies not yet released and results of marketing studies supporting these strategies ("Items for Sealing"). For the vast majority of the material designated as Confidential in the Administrative Motion, Martinelli's does not request sealing, and instead limits its request to seal to just these few Items for

[1] Courts in this Circuit routinely grant motions to seal on the basis of declarations of counsel. *See, e.g.*, *In re Qualcomm Litig.*, Case No. 17-00108, ECF No. 398-1 (S.D. Cal. Mar. 26, 2018); *Avago Techs. U.S. Inc., et al. v. Iptronics Inc., et al.*, Case No. 10-02863-EJD, ECF No. 544 (N.D. Cal. Apr. 3, 2015); *Cisco Sys., Inc., et al. v. Opentv Inc., et al.*, Case No. 13-00282-EJD, ECF No. 76 (N.D. Cal. Oct. 8, 2018). Martinelli's also provides the Lee Declaration confirming that the Items for Sealing are sensitive and treated as confidential by Martinelli's.

Sealing. Martinelli's respectfully requests that these Items for Sealing be sealed as described below to avoid the harm to Martinelli's from public disclosure of its confidential information.

## II. LEGAL STANDARD

3. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citations omitted). However, "access to judicial records is not absolute." *Id.* The Ninth Circuit has "carved out an exception to the presumption of access" to judicial records where sealed documents are attached to nondispositive motions because those documents are often "unrelated, or only tangentially related, to the underlying cause of action." *Id.* (cleaned up) (internal quotations omitted); *see also Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1213 (9th Cir. 2002) ("[W]hen a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted."). "Accordingly, a party seeking to file a motion to seal in connection with a nondispositive motion must show only good cause under Federal Rule of Civil Procedure 26(c)," instead of the more restrictive "compelling reasons" standard. *See, e.g.*, *In re NCAA Student-Athlete Name and Likeness Licensing Litig.*, 2013 WL 1997252, at *1 (N.D. Cal. May 13, 2013) (cleaned up) (Cousins, J.); *Kamakana*, 447 F.3d at 1178. "Courts in this district have generally considered motions for class certification nondispositive," and thus the good cause standard pursuant to Federal Rule of Civil Procedure 26(c) should apply here. *See In re NCAA*, 2013 WL 1997252, at *1.

4. "Rule 26(c) gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180 (citing Fed. R. Civ. P. 26(c) to state that "if 'good cause' is shown in discovery, a district court may issue 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense'"). The Court has "broad latitude . . . to prevent disclosure of materials for many types of information, including, *but not limited to*, trade secrets or other confidential research, development, or commercial information." *Phillips,* 307 F.3d at 1211 (emphasis in original). As the Supreme

Court has recognized, sealing is appropriate to prevent judicial documents from being used "as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978); *see also Philips v. Ford Motor Co.*, 2016 WL 7374214, at *6 (N.D. Cal. Dec. 20, 2016) (concluding that the "need to avoid competitive disadvantage in contract negotiations and undercutting by competitors is a compelling reason that justifies sealing"); *Vigdor v. Super Lucky Casino, Inc.*, 2018 WL 4510734, at *2 (N.D. Cal. Sept. 18, 2018) (sealing "business and financial information relating to the operations of Defendants"); *Finjan, Inc. v. Cisco Sys. Inc.*, 2019 WL 4168952, at *2 (N.D. Cal. Sept. 3, 2019) (sealing material that "reveals the identification, organization, and/or operation of [defendant's] proprietary products," which competitors could use "to map proprietary features of [defendant's] products").

## III. GOOD CAUSE EXISTS TO SEAL THE LIMITED ITEMS FOR SEALING

5. Martinelli's is not seeking sealing of entire documents and limits its request for sealing to specific redactions in the Items for Sealing. Martinelli's seeks to seal limited portions of the Motion for Class Certification and Exhibits 30, 31, 32, 41, 43, 44, 45, 48, 49, 50, and 52 attached to the Smith Declaration, which consist of Martinelli's confidential and proprietary: (1) internal sales, pricing, wholesale, and distribution data; (2) product formulations; (3) private personally identifiable information of certain Martinelli's customers; and (4) forward looking marketing strategies that are not yet released and results of marketing studies supporting these strategies. Courts regularly allow parties to seal such information due to the sensitivity for business competition or for the protection of individuals' privacy rights.

6. ***First,*** the internal sales, pricing, wholesale, and distribution data and figures identified by the sealed portions of Exhibits 31 and 52 of the Smith Declaration should be sealed because this is sensitive and confidential information that could be adversely used by Martinelli's competitors and would be harmful to Martinelli's if disclosed. *See* Lee Decl. ¶ 3; *see also In re ConAgra Foods, Inc.*, 2014 WL 12577132, at *4-6 (C.D. Cal. July 11, 2014) (sealing food manufacturer's non-public financial and pricing information in a false labelling suit because the

disclosure of such information could result in advantages to the food manufacturer's competitors); *Entangled Media, LLC v. Dropbox Inc.*, 2026 WL 984235, at *1 (N.D. Cal. Apr. 13, 2026) (granting motion to seal "sensitive business and financial information," such as individual product pricing, because "[v]ery few of these details would aid the public's understanding of the judicial process" and Dropbox's interest in protecting its competitive standing "outweighs the interests of the public"); *Iron Workers Local 580 Joint Funds v. NVIDIA Corp.*, 2026 WL 637331, at *2 (N.D. Cal. Mar. 6, 2026) (sealing "confidential business information, analysis of customer demand and usage, product sales data, and financial performance and forecasting").

7. ***Second***, the confidential formulations for Martinelli's products in Exhibit 43 of the Smith Declaration should be protected from disclosure because they are Martinelli's unique and proprietary information, which is maintained in confidence. *See* Lee Decl. ¶ 4. Absent sealing, competitors could make use of Martinelli's proprietary formulations to copy Martinelli's product, resulting in significant harm to Martinelli's. *See id.*; *see also Iglesias v. For Life Products, LLC*, 2024 WL 4149944, at *3 (N.D. Cal. Sept. 10, 2024) (sealing formulations of cleaning products because disclosure of such could "provide competitors 'with means of developing copycat products'").

8. ***Third***, Exhibits 32, 48, 49, and 50 of the Smith Declaration contain personally identifiable information of certain Martinelli's customers that is protected by these individuals' right to privacy under the California Constitution, and has no bearing on the issues at dispute. *See* Lee Decl. ¶ 5; *see also Entangled Media*, 2026 WL 984235, at *2 (sealing "private email addresses, home addressees, and names and titles of individuals" who had no connection with the parties, and thus defendant had an interest in protecting such private information); *Iron Workers*, 2026 WL 637331, at *3 (sealing documents containing personally identifiable information).

9. ***Fourth***, limited portions of the Motion for Class Certification and Exhibits 30, 41, 44, and 45 of the Smith Declaration contain forward looking internal and proprietary marketing strategies not yet released and marketing study results supporting these strategies, which, if

disclosed, could allow competitors to understand Martinelli's future marketing strategies and efforts to position itself in the market, creating a competitive disadvantage to Martinelli's. *See* Lee Decl. ¶ 6. Absent sealing, competitors could make use of Martinelli's forward-looking business plans, innovation initiatives, and product development strategies to more effectively compete against Martinelli's, resulting in significant harm to Martinelli's. *See Algarin v. Maybelline, LLC*, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing "sales data, market research, consumer research, advertising and marketing strategy" because it is used to "develop and market [defendant's] products and to build market share"); *BBK Tobacco & Foods LLP v. Central Coast Agriculture Inc.*, 2021 WL 5578864, at *3 (D. Ariz. Nov. 29, 2021) (sealing "confidential market research" because it was used by defendant "to guide its operations and to inform its strategic decisions"); *Hyams v. CVS Health Corporation*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (sealing "customer survey results" because they include "business analysis, market research, and strategic planning" that competitors could use in a harmful way).

10. Below is a chart detailing the material Martinelli's seeks to seal in the Items for Sealing. Martinelli's has tailored its sealing requests to narrow portions of these documents to maximize the public's access while protecting confidential, sensitive, and proprietary or private information, the disclosure of which would be harmful to Martinelli's business interests or its individual customers.

| **Dkt. No.** | **Document** | **Basis for Sealing Document** |
|---|---|---|
| 60 | Plaintiffs' Motion for Class Certification | Certain limited portions of this document should be sealed as described in **Exhibit A** attached hereto because it contains sensitive and confidential statements reflecting Martinelli's marketing strategies and analyses not yet released, and supportive strategic market study results giving insight into Martinelli's business plans, innovation initiatives, and product development strategies. The disclosure of this information would be harmful to Martinelli's because competitors can use such information to compete against and undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 6. |

| Dkt. No. | Document | Basis for Sealing Document |
|---|---|---|
| 60-19 | Exhibit 30 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit B** attached hereto because it contains sensitive and confidential forward looking marketing strategies and analyses not yet released, and supportive strategic market study results giving insight into Martinelli's business plans, innovation initiatives, and product development strategies. The disclosure of this information would be harmful to Martinelli's because competitors can use such information to compete against and undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 6. |
| 60-20 | Exhibit 31 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit C** attached hereto because they identify Martinelli's confidential and proprietary key sales, pricing, wholesale, and distribution data, including sales by dollars, units, and geographic points of distribution. The disclosure of this information would be harmful to Martinelli's because its competitors can use such information to undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 3. |
| 60-21 | Exhibit 32 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit D** attached hereto because it contains the personally identifiable information of a Martinelli's customer, which is protected by that individual's right to privacy and is not relevant to any issues in dispute in this action. *See* Lee Decl. ¶ 5. |
| 60-30 | Exhibit 41 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit E** attached hereto because it contains sensitive and confidential forward looking marketing strategies and analyses not yet released, and supportive strategic market study results giving insight into Martinelli's business plans, innovation initiatives, and product development strategies. The disclosure of this information would be harmful to Martinelli's because competitors can use such information to compete against and undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 6. |
| 60-32 | Exhibit 43 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit F** attached hereto because they identify the confidential formulations of Martinelli's products, which are proprietary and, if disclosed, could result in competitive advantage to Martinelli's competitors and potential copycat usage. *See* Lee Decl. ¶ 4. |
| 60-33 | Exhibit 44 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit G** attached hereto because it contains sensitive and confidential forward looking marketing strategies and analyses not yet released, and supportive strategic market study results giving insight |

| Dkt. No. | Document | Basis for Sealing Document |
|---|---|---|
| | | into Martinelli's business plans, innovation initiatives, and product development strategies. The disclosure of this information would be harmful to Martinelli's because competitors can use such information to compete against and undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 6. |
| 60-34 | Exhibit 45 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit H** attached hereto because it contains sensitive and confidential forward looking marketing strategies and analyses not yet released, and supportive strategic market study results giving insight into Martinelli's business plans, innovation initiatives, and product development strategies. The disclosure of this information would be harmful to Martinelli's because competitors can use such information to compete against and undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 6. |
| 60-37 | Exhibit 48 of Smith Declaration | Certain narrowly tailored portions of this document should be sealed as described in **Exhibit I** attached hereto because it contains the personally identifiable information of a Martinelli's customer, which is protected by that individual's right to privacy and is not relevant to any issues in dispute in this action. *See* Lee Decl. ¶ 5. |
| 60-38 | Exhibit 49 of Smith Declaration | Certain limited portions of this document should be sealed as described in **Exhibit J** attached hereto because it contains the personally identifiable information of a Martinelli's customer, which is protected by that individual's right to privacy and is not relevant to any issues in dispute in this action. *See* Lee Decl. ¶ 5. |
| 60-39 | Exhibit 50 of Smith Declaration | Certain narrowly tailored portions of this document should be sealed as described in **Exhibit K** attached hereto because it contains the personally identifiable information of a Martinelli's customer, which is protected by that individual's right to privacy and is not relevant to any issues in dispute in this action. *See* Lee Decl. ¶ 5. |
| 60-41 | Exhibit 52 of Smith Declaration | Certain narrowly tailored portions of this document should be sealed as described in **Exhibit L** attached hereto because they contain sensitive and confidential total dollar and unit sales figures for specific Martinelli's products based on region. The disclosure of this information would be harmful to Martinelli's because its competitors can use such information to undercut Martinelli's in the marketplace. *See* Lee Decl. ¶ 3. |

For the foregoing reasons, Martinelli's respectfully requests that the Court seal the limited portions of Exhibits A, B, C, D, E, F, G, H, I, J, K, and L as identified in the Information for Sealing submitted concurrently herewith.

Dated: September 15, 2026

**DLA PIPER LLP (US)**

By: */s/ Isabelle L. Ord*

ISABELLE L. ORD
KEARA M. GORDON
COLLEEN M. CAREY GULLIVER
TIA Q. NGUYEN
ASHLEY L. BARTON
HARRISON B. PARK

*Attorneys for Defendant*
*S. MARTINELLI & COMPANY*