ISABELLE L. ORD (Bar No. 198224)
isabelle.ord@us.dlapiper.com
TIA Q. NGUYEN (Bar No. 338778)
tia.nguyen@us.dlapiper.com
**DLA PIPER LLP (US)**
555 Mission Street, Suite 2400
San Francisco, CA 94105-2933
Tel: 415.836.2500
Fax: 415.836.2501

KEARA M. GORDON*
keara.gordon@us.dlapiper.com
COLLEEN M. CAREY GULLIVER*
colleen.gulliver@us.dlapiper.com
**DLA PIPER LLP (US)**
1251 Avenue of the Americas, 27th Floor
New York, NY 10020-1104
Tel: 212.335.4500
Fax: 212.335.4501

*admitted *pro hac vice*

CHRISTINE E. ELLICE (Bar No. 276181)
christine.ellice@us.dlapiper.com
HARRISON B. PARK (Bar No. 347839)
harrison.park@us.dlapiper.com
**DLA PIPER LLP (US)**
2000 Avenue of the Stars
Suite 400, North Tower
Los Angeles, CA 90067
Tel: 310.595.3000
Fax: 310.595.3300

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JOLY RAMIREZ and SORANGIE SANCHEZ, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

S. MARTINELLI & COMPANY,

Defendant.

CASE NO. 5:25-CV-07569-NC

Magistrate Judge Nathanael M. Cousins

**DECLARATION OF ISABELLE L. ORD IN SUPPORT OF DEFENDANT S. MARTINELLI & COMPANY'S OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

I, Isabelle L. Ord, hereby declare as follows:

1. I am a partner at DLA Piper LLP (US), counsel of record to Defendant S. Martinelli & Company ("Martinelli's") in this action. I have personal knowledge of the facts stated below, and, if called as a witness, I could and would testify competently thereto. I submit this Declaration in Support of Martinelli's Opposition to Plaintiffs' Motion for Class Certification (the "Opposition").

2. Attached hereto as **Exhibit A** is a true and correct copy of the Expert Report of Jonathan T. Tomlin, Ph.D filed provisionally under seal.

3. Attached hereto as **Exhibit B** is a true and correct copy of the Expert Rebuttal Report of Rebecca Kirk Fair filed provisionally under seal.

4. Attached hereto as **Exhibit C** are certified copies of excerpts of the transcript of the deposition of Plaintiff Joly Ramirez.

5. Attached hereto as **Exhibit D** is a true and correct copy of RAMIREZ_00001-02, which is the advertising form published by counsel for Plaintiffs used to solicit plaintiffs for this action.

6. Attached hereto as **Exhibit E** is a true and correct copy of RAMIREZ_00003 filed provisionally under seal, which is Plaintiff Ramirez's resume.

7. Attached hereto as **Exhibit F** is a true and correct copy excerpts of Plaintiff Ramirez's Amended Responses and Objections to Defendant's Interrogatory Nos. 1, 6, 11, and 16, and Amended Responses and Objections to Request for Production Nos. 88, 91.

8. Attached hereto as **Exhibit G** are certified copies of excerpts of the transcript of the deposition of Plaintiff Sorangie Sanchez.

9. Attached hereto as **Exhibit H** is a true and correct copy of SANCHEZ_00015, which is a picture of a Wellsley Farms apple juice bottle purchased by Plaintiff Sanchez.

10. Attached hereto as **Exhibit I** is a true and correct depiction of Martinelli's apple juice in a 10 fl. oz. glass bottle as it appeared on the Martinelli's website, which was accessed and captured on November 13, 2026, available at https://www.martinellis.com/nutrition/apple-juice-10oz-glass-with-label/.

11. Attached hereto as **Exhibit J** is a true and correct copy of a September 10, 2026 letter sent by counsel for Martinelli's to Plaintiffs, which raised deficiencies with Plaintiffs' discovery responses based on testimony indicating that they had withheld responsive documents and information and/or provided inaccurate or incomplete interrogatory responses.

12. Attached hereto as **Exhibit K** is a true and correct copy of a October 16, 2026 letter sent by counsel for Martinelli's to plaintiffs, which indicated that Plaintiffs' productions and discovery responses remained deficient after Martinelli's September 10, 2026 letter.

13. Attached hereto as **Exhibit L** is a true and correct copy of a November 4, 2026 letter sent by counsel for Martinelli's to Plaintiffs, which indicated that Plaintiffs' productions and discovery responses continued to remain deficient, despite Martinelli's September 10, 2026 and October 16, 2026 letters.

14. Attached hereto as **Exhibit M** is a true and correct copy of a November 10, 2026 letter sent by counsel for Martinelli's to Plaintiffs, which indicated that certain documents underlying the Expert Report of J. Michael Dennis, Ph.D. (ECF No. 60-18) were not produced, despite multiple requests for such information throughout September and October 2026.

15. Attached hereto as **Exhibit N** is a true and correct copy of excerpts of Martinelli's Responses to Plaintiffs' First Set of Requests for Admission.

16. Attached hereto as **Exhibit O** is a true and correct copy of excerpts of Martinelli's Third Supplemental Responses to Plaintiffs' First Set of Interrogatories filed provisionally under seal.

17. Attached hereto as **Exhibit P** is a true and correct copy of MARTINELLIS_00001219 filed provisionally under seal, which is a certificate of ingredients for Martinelli's Gold Medal Sparkling Apple Cider – Heritage dated May 28, 2013.

18. Attached hereto as **Exhibit Q** is a true and correct copy of MARTINELLIS_00001526 filed provisionally under seal, which is a certificate of ingredients for Martinelli's Gold Medal Sparkling Apple Cider dated June 20, 2014.

19. Attached hereto as **Exhibit R** is a true and correct copy of MARTINELLIS_00001622, which is a front label for Martinelli's apple juice in a half gallon bottle.

20. Attached hereto as **Exhibit S** is a true and correct copy of MARTINELLIS_00001624, which is a back label for Martinelli's apple juice in a gallon bottle.

21. Attached hereto as **Exhibit T** is a true and correct copy of MARTINELLIS_00005663-64, which is an advertising flier concerning Martinelli's brand and history.

22. Attached hereto as **Exhibit U** is a true and correct copy of excerpts of MARTINELLIS_00006454-510 filed provisionally under seal, which consists of documents that non-party Instacart produced in response to Martinelli's Subpoena to Produce Documents, Information or Documents dated September 30, 2026, including Instacart's production letter, declaration of custodian of records, objections and responses to Martinelli's subpoena, and documents responsive to Martinelli's subpoena. In producing these documents, Instacart identified them as confidential.

23. Attached hereto as **Exhibit V** is a true and correct copy of a Food and Drug Administration ("FDA") Generally Recognized as Safe ("GRAS") notice, obtained from FDA's official website, titled GRAS Notice No. 769, available at https://www.fda.gov/media/127844/download, dated October 23, 2018.

24. Attached hereto as **Exhibit W** is a true and correct copy of an excerpt of a webpage on FDA's official website where it published GRAS Notice No. 769, which was accessed and captured on August 14, 2026, available at https://www.hfpappexternal.fda.gov/scripts/fdcc/index.cfm?set=GRASNotices&id=769&sort=GRN_No&order=DESC&startrow=1&type=basic&search=769.

25. Attached hereto as **Exhibit X** is a true and correct copy of MARTINELLIS_00006511-25 filed provisionally under seal, which consists of documents that non-party Uber produced in response to Martinelli's Subpoena to Produce Documents, Information or Objects dated October 2, 2026, including Uber's certificate of authenticity of business records and Plaintiff Sanchez's payment, trip, and agreement history.

/ / /

/ / /

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed this 17th day of November, 2026 at Moraga, California.

ISABELLE L. ORD