# Exhibit J

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@us.dlapiper.com
T 212.335.4632
F 212.884.8632

September 10, 2026

*Via E-Mail*

Joel D. Smith
SMITH KRIVOSHEY, PC
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
joel@skclassactions.com

Yeremey O. Krivoshey
SMITH KRIVOSHEY, PC
28 Geary Street Suite 650 # 1507
San Francisco, CA 94108
yeremey@skclasactions.com

**Re: *Ramirez et al. v. S. Martinelli & Company* (Case No. 5:25-cv-07569)**
**Follow Up re Depositions of Joly Ramirez and Sorangie Sanchez**

Dear Counsel:

We write regarding the numerous deficiencies that became evident at the recent depositions of plaintiffs Joly Ramirez (August 19, 2026) and Sorangie Sanchez (August 27, 2026). At those depositions, it became apparent that the plaintiffs have withheld responsive documents and information and provided inaccurate or incomplete interrogatory responses. These issues raise serious concerns about the adequacy of the plaintiffs to represent the putative classes. Please address the issues in this letter immediately.

## A. Deposition of Joly Ramirez

### 1. Ms. Ramirez's Responses to Interrogatory Nos. 1 and 11 Regarding Individuals with Knowledge Are Incomplete.

Interrogatory No. 1 requests that Ms. Ramirez "[i]dentify all Persons who have knowledge of facts relevant to the allegations in the Amended Complaint and Identify the issues on which You believe they have knowledge." In response, Ms. Ramirez identified only herself, and certain Martinelli's individuals. Interrogatory No. 11 similarly requests identification of "all Persons with

whom You have Communicated concerning this Action or the allegations of your Amended Complaint." There, the only individuals Ms. Ramirez identified are her "lawyers."

At deposition, however, Ms. Ramirez testified that she learned about Vitamin C in Martinelli's products in 2025 after reviewing the solicitation from Smith Krivoshey, PC (Ex. 4; produced as RAMIREZ_00001–2) and then asking "one of [her] kids [to] go get [the product]" at Food 4 Less so that she could review the full label and ingredients. Ramirez Tr. 60:15–61:4; 62:4–11; 67:14–68:1. She further testified that "one of the kids" (likely Jolene) Googled ascorbic acid at the store when viewing the bottle. *Id.* at 62:12–18; 64:20–24; 68:2–7.

Although Ms. Ramirez's daughter is a key witness, Ms. Ramirez did not identify her in response to Interrogatory No. 1. When asked why she omitted this information, Ms. Ramirez stated it was "[b]ecause she [was] a minor at the time," which contradicts her prior testimony that her children were adults in 2025. *Id.* at 68:10–14; 188:11–16. Further, despite the fact that Ms. Ramirez initially specifically testified that it was Jolene who Googled the products, Ms. Ramirez later changed her testimony, claiming that she did not investigate which of her children was at the grocery store. *Id.* at 189:24–190:1.

Ms. Ramirez's testimony makes clear that her responses to Interrogatory Nos. 1 and 11 are selective and incomplete. Martinelli's is entitled to full and complete information. *See Mobile Storage Tech., Inc. v. Fujitsu Ltd.*, 2010 WL 1292545, at *3 (N.D. Cal. Mar. 31, 2010) (granting motion to compel further response to interrogatory "which seeks the identity of all persons and entities that have knowledge regarding any factual issue that is relevant in this case and, for each such person or entity, a description of that knowledge"). Please supplement Ms. Ramirez's response to Interrogatory No. 1, including identifying all individuals present at the store, including the daughter who Googled ascorbic acid.

**2. Ms. Ramirez's Responses to Interrogatory Nos. 5 and 6 Regarding Other Vitamin Products Are Incomplete.**

Interrogatory No. 5 asks Ms. Ramirez to "[i]dentify any product containing with [sic] Vitamin C (also known as ascorbic acid) purchased by You or on Your behalf since September 5, 2020 including the product name(s), price paid, manufacturer(s), and date(s) of purchase." Ms. Ramirez did not provide any substantive response to Interrogatory No. 5. Along similar lines, Interrogatory No. 6 requests identification of "any vitamin supplement products fortified purchased by You or on Your behalf since September 5, 2020 including the product name(s), price paid, manufacturer(s), and date(s) of purchase." In response, Ms. Ramirez stated she "is unaware of any responsive vitamin supplement products."

At deposition, however, Ms. Ramirez testified to the contrary. She testified extensively about the numerous supplement products she takes that contain vitamins, including "Cayenne Pepper Hawthorn Beet Root Turmeric Vitamin K2+D3" (containing Vitamins K and D) and black seed and honey gummies (containing Vitamin C). *See* Ramirez Tr. 147:18–148:7; 151:1–155:21.

Ms. Ramirez also testified that she has purchased Tampico punch, *id.* at 90:5–10 , which contains Vitamin C. *See* https://tampico.com/products/tropical-punch/. And Ms. Ramirez testified that she purchased Monster products, which contain B Vitamins. *See* Ramirez Tr. 91:16–21; https://www.monsterenergy.com/en-us/energy-drink-info/.

It is apparent that Ms. Ramirez did little to no investigation or contemplation when responding to these discovery requests. Please supplement Ms. Ramirez's responses to Interrogatory Nos. 5 and 6 to reflect these products and any others she purchased that contain Vitamin C or other vitamin supplements.

**3. Ms. Ramirez's Responses to Interrogatory No. 16 and RFP Nos. 88, 89, and 91 Regarding Other Legal Proceedings Are Incomplete.**

Interrogatory No. 16 asks Ms. Ramirez to "[i]dentify each and every legal proceeding (including appraisal proceedings, other administrative proceedings, arbitrations, investigations, civil or criminal lawsuits) in which You have been involved in any manner. For each, Identify the proceeding by case name, caption, and jurisdiction." In response, Ms. Ramirez initially disclosed "occasional traffic infractions" and that she "consulted with a lawyer to pursue claims against the responsible parties in traffic accidents."

On July 10, 2026, she amended her response to also disclose "various criminal proceedings between roughly 1989, when she was fifteen years old, and 2004, including a 13-month prison sentence ending in 2004." Ms. Ramirez represented that those "records have been expunged" so she "does not have the requested case-identifying information." She verified this and her prior response under penalty of perjury. RFP Nos. 88, 89, and 91 request documents and communications relating to any prior convictions, legal proceedings, litigations, complaints, or demand letters. Ms. Ramirez did not produce any documents in response to these RFPs.

Ms. Ramirez's deposition testimony revealed that her response to Interrogatory No. 16 is inaccurate and her document productions are deficient in numerous ways despite twice verifying her responses. First, contrary to her representation that she did not have access to her criminal record information, Ms. Ramirez testified that she "contacted [her] parole agent" who provided her with "a parole certificate," which she provided to her counsel. *See* Ramirez Tr. 217:15–218:9. Yet, counsel has not produced this document. Please produce it immediately with an explanation as to why it was not produced before Ms. Ramirez's deposition.

Second, Ms. Ramirez stated that after going to the "parole department," she conducted her own search for records, which she also provided to counsel. *Id.* at 218:18–219:11. Counsel has not produced any of these records either. Please produce them immediately with an explanation as to why they were not produced before Ms. Ramirez's deposition.

Third, Ms. Ramirez testified that she was involved in various divorce and guardianship proceedings, which she failed to disclose in response to Interrogatory No. 16. *Id.* at 15:16–18; 206:21–208:19.

Fourth, when Ms. Ramirez was confronted with a lawsuit involving Monster Energy in which she was a named party, Ms. Ramirez admitted that she was involved in that case too and that she received a settlement. *Id.* at 226:22–227:8; 229:18–230:3.

Further, when asked if she has "sue[d] or ma[d]e demands for arbitration" of any other companies, she testified "[t]here has been a lot." *Id.* at 231:19–22. She did not disclose or produce documents related to ***any*** of these proceedings.

Despite clear instructions to disclose all legal matters, Ms. Ramirez attempted to improperly qualify her testimony by suggesting that only court proceedings in which a judge was present needed to be disclosed, although she did not produce that subset of cases either. *Id.* at 207:20–208:25; 225:9–227:4. Here too, Ms. Ramirez did little to no investigation to ensure the accuracy of her discovery requests, and worse, provided inaccurate testimony, which raises significant questions about her ability to serve as a class representative.

Please promptly supplement Ms. Ramirez's response to Interrogatory No. 16 and produce all responsive, non-privileged documents in response to RFP Nos. 88, 89, and 91.

**4. Ms. Ramirez's Response to RFP No. 82 Seeking Her Employment History is Incomplete.**

RFP No. 82 requests the production of Ms. Ramirez's "resume or curriculum vitae and/or other Documents relating to summaries of Your education and/or employment history." Ms. Ramirez agreed to produce her "current resume or curriculum vitae, to the extent one exists and can be located on a reasonable search of Plaintiff's records" but represented that she "is unaware of any responsive, non-privileged documents that are being withheld."

At deposition, Martinelli's uncovered that Ms. Ramirez does have a resume, which she did not produce because she "didn't know" that Martinelli's had requested it. Ramirez Tr. 124:2–8. This testimony is concerning for a number of reasons, including that Ms. Ramirez represented in her discovery response that no responsive documents existed. Only after being asked about her resume during deposition did Ms. Ramirez then produce one. But the version she produced—halfway through her deposition—is "not updated" and "old" and that she believes she has a more current version. *See id.* 242:12; 242:24; 243:8–11. Please produce the most current version of Ms. Ramirez's resume and any other documents responsive to RFP No. 82, and please explain why Ms. Ramirez did not provide these documents previously and falsely represented that no such documents existed.

### 5. Ms. Ramirez Must Withdraw All Allegations Relating to Injunctive Relief.

In the Amended Complaint, Ms. Ramirez alleges she "wants to continue purchasing the products at issue" and makes a demand for injunctive relief. *See* ECF No. 16 ¶¶ 21, 46, Prayer for Relief. Ms. Ramirez doubled down on this allegation when responding to Martinelli's motion to dismiss, asserting that she "would like to continue purchasing the Products again in the future." ECF No. 28 at 23. At deposition, Ms. Ramirez contradicted these assertions, instead testifying that she does ***not*** want to continue purchasing Martinelli's products. Ramirez Tr. 89:22–24. "Without any stated desire to purchase [Martinelli's] in the future, [Ms. Ramirez] do[es] not have standing to pursue injunctive relief." *In re Coca-Cola Products Marketing and Sales Practices Litig.*, 2021 WL 3878654, at *2 (9th Cir. Aug. 31, 2021). Accordingly, please withdraw Ms. Ramirez's demand for injunctive relief. Martinelli's reserves all rights.

## B. Deposition of Sorangie Sanchez

### 1. Ms. Sanchez Must Produce any Physical Martinelli's and Other "100% Juice" Products in Her Possession for Inspection.

RFP No. 5 requests the production of "[a]ll Documents and Communications relating to or evidencing any purchase(s) of the Product(s) by You or on Your behalf at any time." RFP No. 7 similarly requests "[a]ll Documents and Communications relating to or evidencing any purchase(s) of any other Martinelli's products You have made at any time." RFP No. 8 requests "[a]ll Documents and Communications relating to or evidencing any purchase(s) of any other products containing the statement "100% Juice" on the label You have made since September 5, 2020." Instruction No. 4 specifies that the term "'Documents' is used in its broadest possible sense and is equal in scope to the usage of this term in Rule 34(a) of the Federal Rules of Civil Procedure." Fed. R. Civ. P. 34(a) in turn provides that "[a] party may serve on another party a request" for "any designated tangible things."

At her deposition, Ms. Sanchez testified that she has an extensive bottle collection, which includes Martinelli's products, and specifically, the products for which she produced photos. *See* Sanchez Tr. 105:9–13; 106:10–13; 106:23–107:3. These bottles are plainly relevant and should have been identified. Please produce for inspection all physical bottles or cartons of Martinelli's products in Ms. Sanchez's possession, and any other bottles or cartons in Ms. Sanchez's possession which contain the statement "100% Juice" on the label.

### 2. Ms. Sanchez Must Identify the Date Each of the Photos Produced Was Taken.

As explained above, RFP Nos. 5, 7, and 8 request the production of all documents relating to or evidencing the purchase of Martinelli's products or other products containing the statement "100% Juice." Similarly, RFP No. 14 requests "[p]hotographs of any of the Products(s) You purchased."

In response Ms. Sanchez produced various photographs, but these documents do not include any metadata, including the date on which the photos were taken. *See* SANCHEZ_00001–8; SANCHEZ_00014–20. Ms. Sanchez also produced a video purportedly depicting various Martinelli's products taken at S&J Deli (although none of the products shown in the video are alleged to be at issue in the litigation). *See* SANCHEZ_00040. During her deposition, Ms. Sanchez could not identify what dates these photos and video were taken—indeed, she contradicted her own testimony as to certain photos, first stating they were taken on Christmas 2024 and then later claiming they were taken in September 2025, after she viewed the solicitation from Smith Krivoshey, PC. *See* Sanchez Tr. 104:3–11; 284:21–285:14. She further testified that she would be able to ascertain the dates each of the photos were taken by reviewing the metadata of the photos on her Android device. *Id.* at 131:19–22; 137:6–9; 143:1–5; 146:2–4.

For each photograph produced, please identify the date the photograph was taken.

**3. Ms. Sanchez's Responses to Interrogatory No. 16 and RFP No. 78 Regarding Other Legal Proceedings Are Inaccurate and Incomplete.**

Interrogatory No. 16 requested the identification of "each and every legal proceeding (including appraisal proceedings, other administrative proceedings, arbitrations, investigations, civil or criminal lawsuits) in which You have been involved in any manner." Ms. Sanchez responded "[n]one, excluding traffic infractions." That response—which was verified under penalty of perjury—is inaccurate. Similarly, RFP No. 78 requests "[a]ll Documents and Communications relating to any litigation in which You have been named as a plaintiff or as a member of a putative class in the last ten years." Ms. Sanchez did not produce any documents in response to this RFP.

As established during the deposition, Ms. Sanchez is/has been involved in litigations relating to the T-Mobile data breach and against Google. *See* Sanchez Tr. 235:5–13; *see also* Ex. 45. Please supplement Ms. Sanchez's response to Interrogatory No. 16 to accurately reflect each and every legal proceeding in which she has been involved, whether as a plaintiff, defendant, class member, or otherwise, and please promptly produce all responsive documents to RFP No. 78.

**4. Ms. Sanchez's Response to RFP No. 71 Seeking Her Employment History Is Incomplete.**

RFP No. 71 requests the production of "Your resume or curriculum vitae and/or other Documents relating to summaries of Your education and/or employment history." On August 24, three days before her deposition, Ms. Sanchez produced a copy of her LinkedIn profile. *See* SANCHEZ_00038–39.

That document, however, did not disclose Ms. Sanchez's work with Instacart or Uber, which she testified she performed "[d]uring COVID." *See* Sanchez Tr. 267:11–19. Exhibits 48

and 49 indicate that Ms. Sanchez may have worked for these companies as recently as of 2024 or 2025. Ms. Sanchez also falsely testified that she has no involvement in Jolly Smoke LLC 268:10–12, yet Exhibit 47 establishes that she is a "principal" of the company.

Please immediately produce all relevant documents in response to RFP No. 71, including all documents relating to any work performed for Uber, Instacart, or any other company, and Jolly Smoke LLC. Martinelli's will independently subpoena all relevant records from these third parties.

---

For all requests for supplementation and production mentioned above, please provide and produce that information no later than September 17, 2026. If you are unable to do so, please provide your availability to meet and confer. Martinelli's reserves all rights.

Sincerely,

*/s/ Keara M. Gordon*

Keara M. Gordon