# Exhibit L

**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Keara M. Gordon
keara.gordon@dlapiper.com
T 212.335.4632
F 212.884.8632

November 4, 2026

*Via E-Mail*

Yeremey O. Krivoshey
SMITH KRIVOSHEY, PC
28 Geary Street Suite 650 # 1507
San Francisco, CA 94108
yeremey@skclasactions.com

Joel D. Smith
SMITH KRIVOSHEY, PC
867 Boylston Street, 5th Floor, Ste. 1520
Boston, MA 02116
joel@skclassactions.com

**Re: *Ramirez et al. v. S. Martinelli & Company* (Case No. 5:25-cv-07569)**
**Plaintiffs' Continuing Discovery Deficiencies Following October 27, 2026 Meet and Confer**

Dear Counsel:

We write to memorialize the parties' October 27, 2026 meet and confer regarding the deficiencies identified in Martinelli's letters of September 10, 2026 and October 16, 2026. As set forth below, the plaintiffs have refused to cure most of those deficiencies. Martinelli's reserves all rights.

## I. Ms. Ramirez's Discovery Responses Remain Deficient.

### A. Interrogatory Nos. 1 and 11 – *Persons with Knowledge*

Martinelli's requested that Ms. Ramirez supplement her response to Interrogatory No. 1, including by identifying all individuals present at the store when she claims to have looked at the Product's back label, including identifying the daughter who Googled ascorbic acid. In response, you further confirmed that Ms. Ramirez has not asked—and is not willing to ask—her daughters which of them was with her at the grocery store and Googled "ascorbic acid." Ramirez, 62:12–18; 64:20–24; 67:14–68:7; 189:24–190:1. That refusal constitutes a willful failure to conduct the "reasonable inquiry" into information readily available to her. *Apothio, LLC v. Youngblood*, 2025 WL 2192378, at *5 (E.D. Cal. Aug. 1, 2025) (finding that party's "response that he does not

remember 'each and every person' is nonresponsive and insufficient"). If plaintiff does not undertake the necessary inquiry to provide this information, Martinelli's will move to compel it, and will seek its fees and costs for doing so.

**B. Interrogatory Nos. 5 and 6 – *Other Vitamin Products***

Ms. Ramirez's testimony at her deposition demonstrated that her interrogatory answers were inaccurate, as she testified that she had, indeed, purchased and used many vitamin supplement products, including Cayenne Pepper Hawthorn Beet Root Turmeric Vitamin K2+D3, black seed and honey gummies, Tampico punch, and Monster products. Ramirez, 90:5–10; 91:16–21; 147:18–148:7; 151:1–155:21. Despite this testimony, Ms. Ramirez refuses to supplement these interrogatory answers to identify these products by name, including a complete list of the products. If plaintiff does not provide this information, Martinelli's will move to compel it, and will seek its fees and costs for doing so.

**C. Interrogatory No. 16 and RFP Nos. 88, 89, and 91 – *Other Legal Proceedings***

Ms. Ramirez's deposition testimony revealed that her response to Interrogatory No. 16 is inaccurate and her document productions are deficient in numerous ways despite twice verifying the accuracy of her responses under penalty of perjury. *See* September 10, 2026 Letter at 3-4; October 16, 2026 Letter at 5-7. While it is entirely unclear why counsel withheld her parole certificate, Ms. Ramirez apparently will be producing the parole certificate that she testified she provided you before her August 19, 2026 deposition. Ramirez, 217:15–218:9. As of the date of this letter, Ms. Ramirez still has not produced this document. Please produce it promptly, and explain why it was not provided before her deposition.

Ms. Ramirez refused to produce any additional information, including any information regarding the putative class actions that she apparently is threatening or settling with the assistance of Swigart Law Group. She likewise refuses to provide any information regarding the case she initiated against Monster Energy or the case it initiated against her. As we discussed, if Ms. Ramirez is withholding any responsive documents on the basis of privilege, she must supplement her privilege log to identify each document. Fed. R. Civ. P. 26(b)(5)(A). In the alternative, if the information is not produced, Martinelli's will move to compel it, and will seek its fees and costs for doing so.

**D. RFP No. 82 – *Employment History***

Mr. Smith stated that he will ask Ms. Ramirez for an updated resume and will produce it if one exists. As a reminder, Ms. Ramirez testified that the resume she produced during her deposition is "not updated" and "old," and that she believes she has a more current version. Ramirez, 242:8–12; 242:24; 243:8–11. Please produce the current version. If plaintiff does not produce the resume, Martinelli's will move to compel it, and will seek its fees and costs for doing so.

**II. Ms. Sanchez's Discovery Responses Remain Deficient.**

**A. RFP No. 78 – *Other Legal Proceedings***

Ms. Sanchez refuses to produce any documents responsive to RFP No. 78, including documents relating to the T-Mobile data breach litigation and the Google matter that she discussed at her deposition and has now disclosed in her September 30, 2026 supplemental responses. Sanchez, 15:14–20; 235:5–236:25; 260:7–263:12; 270:3–11. If Ms. Sanchez is withholding any responsive documents on the basis of privilege, she must supplement her privilege log. Fed. R. Civ. P. 26(b)(5)(A). In the alternative, please confirm that all responsive documents have now been produced.

**B. RFP Nos. 5, 7, and 8 and Interrogatory No. 14 – *Product Bottles and Photograph Metadata***

*Bottle collection.* Ms. Sanchez testified that her bottle collection includes Martinelli's products, including the products depicted in her photographs. Sanchez, 105:4–16; 106:10–13; 106:23–107:3. Please confirm Ms. Sanchez will preserve every Martinelli's bottle or carton in her possession, custody, or control. Martinelli's reserves the right to serve a formal request for inspection and a proposed inspection protocol if necessary, following the November 25 mediation.

*Metadata/Dates of Photos Produced.* At the meet and confer, Mr. Smith indicated that he would investigate the deficiencies we identified in our October 16 letter: (1) Ms. Sanchez has not provided any information for SANCHEZ_00007–8 and SANCHEZ_00014–15 regarding the date on which those pictures were taken; and (2) the metadata provided for SANCHEZ_00018–20 reflects only when the images were downloaded, not when the photographs were taken. In response to our observation that Ms. Sanchez produced additional photographs (SANCHEZ_00051–60) for the first time on September 30, 2026, without explanation, Mr. Smith indicated that it was an "oversight." Please produce information that identifies the date each produced photograph was taken, and confirm that there are no additional responsive photographs on Ms. Sanchez's phone.

**C. RFP No. 71 – *Employment History***

Martinelli's reiterates its request that Ms. Sanchez produce any documents she has relating to Uber, Instacart, or any other employment not disclosed in SANCHEZ_00038–39, particularly given that Ms. Sanchez testified she has not worked since 2023 while Deposition Exhibits 48 and 49 and the newly produced documents from Instacart confirm otherwise. Sanchez, 20:16–21:3; 267:11–19; *see Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1015 (N.D. Cal. 2010). Please update Ms. Sanchez's discovery responses to accurately reflect her employment history for all employers and confirm whether any responsive documents are being withheld. Fed. R. Civ. P. 34(b)(2)(C).

DLA PIPER



Martinelli's expressly reserves all rights, including the right to seek relief from the Court regarding each of the deficiencies identified above and in its prior correspondence. Martinelli's also reserves the right to use plaintiffs' continuing refusal to satisfy their discovery obligations in its forthcoming opposition to class certification regardless of whether plaintiffs remedy some or all of the deficiencies identified here. Given the fact that the parties are mediating in good faith toward a resolution of this matter in just a few weeks, we will hold off filing any motions to compel until after that mediation, to avoid potentially unnecessary impositions on the Court, but reserve all rights.

Sincerely,

*/s/ Keara M. Gordon*
Keara M. Gordon